+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE, individually
and d/b/a FLAT IRON
MOUNTAIN ASSOCIATES,

          Plaintiff,

   v.

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

          Defendants.

AND RELATED COUNTERCLAIM
_____/

NO. CIV. S-07-1790 LKK/EFB

O R D E R

    The plaintiff and counter-defendant, Corrections USA, has filed this motion against counter-plaintiff Gary Harkins.[1]

---

[1] The court notes that this motion was filed in case number 2:07-cv-00653-LKK-EFB prior to the consolidation of that case with the present case. References to the parties in this order refer to their statuses vis-a-vis one another in case number 2:07-cv-00653-LKK-EFB, in which Corrections USA was the plaintiff and counter-defendant and Gary Harkins was the defendant and counter-plaintiff.

1

Corrections USA moves to dismiss, moves for a more definite statement, and moves to strike assertedly improper matters from Harkins' counterclaims. For the reasons stated herein, the court grants the motion to dismiss in part. The court denies the motion for a more definite statement and motion to strike.

## I. ALLEGATIONS OF THE COMPLAINT[2]

Plaintiff Corrections USA ("CUSA") is a mutual benefit company representing publically employed corrections officers. It brought suit against defendant Harkins and others, who are former officers of CUSA, alleging breach of fiduciary duties, interference with business relations, interference with prospective business relations and economic advantage, unauthorized use of another's name, prohibited use of a membership list, fraud, conversion, and accounting.

With his answer, defendant Harkins asserted five counterclaims against CUSA. In his first counterclaim, defendant Harkins alleged that CUSA violated the California Labor Code by failing to pay him wages to which he was entitled. Specifically, on August 11, 2006, he alleges that he was appointed to the position of interim administrator of CUSA with a monthly salary of $3,000. Beginning on that date, he performed the duties of an interim administrator, but he was never compensated in the agreed-upon amount. He seeks

---

[2]The allegations are derived from the plaintiff's first amended complaint and defendant Harkins' counterclaims. The court described the factual allegations of the plaintiff's complaint in its May 29, 2007 order for case number 2:07-cv-00653 (consolidated with this case).

2

back wages from August 11, 2006 to the date of his termination, penalty wages, and attorney's fees, pursuant to California Labor Code sections 201, 203, and 218.5.

In his second counterclaim, Harkins alleged that his appointment to interim administrator constituted an employment contract between himself and CUSA. From August 11, 2006 until the date of his termination, Harkins claims he performed the duties of the CUSA interim administrator. He asserted that by failing to pay him the $3000 monthly salary, the defendant breached this contract. Harkins seeks damages in the amount of his unpaid wages during this period and attorney's fees, costs, and expenses.

In his third counterclaim, Harkins alleged that he was falsely imprisoned on September 7, 2006 by individuals appointed by the CUSA Board of Directors. As he was leaving the Board of Directors meeting on that date, he asserts that he was detained and searched for items believed to be in his possession. He was held without his consent, for more than a brief period of time. He alleged that "he did not feel free to leave and was thus restrained due to either a threat of force, a showing of force, the implied threat of force, and/or the inability for [Harkins] to escape." Those persons who detained him did so without lawful privilege. While he was detained, his belongings were searched and, after he was detained, he was questioned about the incident by observers, which furthered his embarrassment. He seeks damages and attorneys fees, costs, and expenses.

In his fourth and fifth claims, Harkins alleged that CUSA and

1  a third-party defendant defamed him via a "campaign of published
2  and unpublished statements." Mr. Harkins described the statements
3  as "clear attempts to hold Mr. Harkins in disrepute." In his fifth
4  counterclaim, he specifies that the statements accused him of
5  mismanaging CUSA and misappropriating assets. These statements were
6  communicated to and received by third parties, were false, and were
7  not protected by privilege. Finally, he alleged that the statements
8  have caused him injury to his reputation, for which he is entitled
9  to damages and attorneys fees, costs, and expenses.

## II. STANDARDS

**A.  Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may not dismiss the complaint if there is a reasonably founded hope that the plaintiff may show a set of facts consistent

4

with the allegations. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1967-69 (2007). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

**B.   Standard for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. Proc. 12(e). "The situations in which a Rule 12(e) motion is appropriate are very limited." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (1990). Furthermore, absent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir.1990). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996).

**C.   Standard to Strike Matter from a Pleading Pursuant to Federal Rule of Civil Procedure 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  A party may bring on a motion to strike within 20 days after the filing of the pleading under attack.  The court, however, may make appropriate orders to strike under the rule at any time on its own initiative.  Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so.  See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1380; see also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at § 1380.

### III. ANALYSIS

Counter-defendant CUSA moves to dismiss defendant Harkins' counterclaims or, alternatively, moves for a more definite statement for all of the counterclaims. CUSA also moves to strike portions of the counterclaims that it alleges are improper. For the reasons set forth below, the court grants the

6

motion to dismiss in part and denies it in part. The court denies the motion to strike and motion for a more definite statement.

**A.  Motion to Dismiss**

    **1.  Claim One: Failure to Pay Wages**

Under section 201 of the California Labor Code, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." A claim brought under this section need only allege that "the employer failed to pay wages that had accrued at the time the employer-employee relationship terminated and the amount of the accrued wages." Oppenheimer v. Robinson, 150 Cal. App. 2d 420, 422 (Cal. Ct. App. 1957). An employer must pay an employee accrued wages within seventy-two hours of the termination of employment, unless the employment was for a specified duration as described in a written contract. Cal. Lab. Code § 202. If an employer wilfully fails to comply with the requirements of sections 201 or 202, the employer is required to pay a penalty to the former employee equaling no more than the sum of the employee's wage for thirty days. Id. § 203. A plaintiff who is successful in his wage claim action may also recover reasonable attorney's fees and court costs. Id. § 218.5.

Here, Harkins has adequately stated a claim under California Labor Code section 201 upon which relief may be granted. He has alleged that an employment relationship existed between himself and CUSA, that he had accrued wages from August

7

1  11, 2006 to the date of his termination, and that CUSA failed to
2  pay him the wages that had accrued. He also has alleged the
3  amount of accrued wages, and explains that this is based on his
4  alleged monthly wage of $3,000. These factual allegations
5  suffice to state a claim under California Labor Code section
6  201, and to give the defendant notice of the factual basis of
7  the claim. See Oppenheimer, 150 Cal. App. 2d at 422.
8  Necessarily, then, Harkins has adequately stated a claim under
9  section 218.5, as well.

10  Harkins' claim under section 203 is fatally flawed,
11 however. That section awards a penalty for an employer's willful
12 failure to pay wages under sections 201 or 202. Counterclaimant
13 has not alleged that CUSA's conduct was wilful, nor has he
14 alleged facts from which the court may reasonably infer that
15 CUSA's conduct was wilful. See Retail Clerks Intern. Ass'n., 373
16 U.S. at 753 n. 6. Consequently, CUSA's motion must be granted as
17 to this claim.  Dismissal will be with leave to amend.

18       **2.   Claim Two: Breach of Contract**

19      A cause of action for breach of contract includes four
20 elements: that there was a contract between the parties, that
21 the plaintiff performed his contractual duties or was excused
22 from performing them, that the defendant breached his
23 contractual duties, and that the breach caused the plaintiff
24 damages. Reichert v. General Ins. Co. of America, 69 Cal. 2d
25 822, 830 (Cal. 1968). Defendant's reliance on Malmsteen v.
26 Berdon LLP, 477 F. Supp 2d 655 (S.D.N.Y. 2007), is misplaced.

1  There, the court held that the plaintiff had failed to state a
2  claim for breach of contract because he had not "specif[ied] any
3  of its terms and the way in which [the defendant] breached those
4  terms." Malmsteed, 477 F. Supp. 2d at 666. Leaving aside any
5  differences between New York's and California's causes of action
6  for breach of an employment contract, the claim does not suffer
7  from the deficiencies that the Malmsteed complaint possessed.
8  Harkins has alleged that an employment contract was created
9  between himself and CUSA when he was appointed interim
10 administrator. He has alleged that one of the terms of the
11 contract was that he would receive a $3000 monthly salary. He
12 has alleged that he performed the duties of an interim
13 administrator, but that CUSA breached its duty by failing to pay
14 him this salary. Finally, he has alleged that "as a result of"
15 CUSA's breach, he is entitled to damages in the amount of $3000
16 per month for the amount of time he was employed as interim
17 administrator. Counterclaimant has plainly met the pleading
18 requirements for this cause of action, see Reichert, 69 Cal. 2d
19 at 830, and the CUSA's motion is denied as to this claim.

20     **3.   Claim Three: False Imprisonment**

21     The tort of false imprisonment is "the non-consensual,
22 intentional confinement of a person, without lawful privilege,
23 for an appreciable length of time." Molko v. Holy Spirit Assn.,
24 46 Cal. 3d 1092, 1123 (Cal. 1988). A person is falsely
25 imprisoned if he is wrongfully deprived of his freedom to leave
26 by the conduct of another. Id. Detention may occur by means of

1  physical force, threat of force, confinement by physical
2  barriers, or by any other form of unreasonable duress. <u>Scofield</u>
3  <u>v. Critical Air Medicine, Inc.</u>, 45 Cal. App. 4th 990, 1001 (Cal.
4  Ct. App. 1996). Although CUSA cites <u>Scofield</u> as describing a
5  four-part test for the tort of false imprisonment, CUSA fails to
6  mention that the <u>Scofield</u> court itself rejected the defendant's
7  reliance on this test, describing the test as "of limited
8  application." <u>Id.</u> at 1002.

9      The countercomplaint has sufficiently pled the tort of
10 false imprisonment. It is alleged that defendant's agents
11 detained Harkins without his consent as he attempted to leave a
12 September 7, 2006 Board of Directors meeting, that he was
13 "stopped," "restrained," and that he did not feel free to leave
14 due to his detainors' actions. He has alleged further that his
15 detainors were not acting under lawful privilege. Finally, he
16 has alleged that he was held "for more than a brief period of
17 time." Although Harkins does not specifically allege that his
18 detainors acted intentionally, such an allegation can be
19 inferred from the allegations that Harkins was detained for the
20 purpose of searching his possessions. Therefore, giving the
21 pleader the benefit of every reasonable inference drawn from the
22 allegations of the counterclaim, <u>see</u> <u>Retail Clerks Intern.</u>
23 <u>Ass'n</u>, 373 U.S. at 753 n. 6, the court concludes that all
24 elements of the tort of false imprisonment have been pled.
25 CUSA's motion is denied as to this claim.
26 ////

10

### 4.   Claims Four and Five: Defamation

Defamation is a reputational injury that occurs by means of libel or slander. Cal. Civ. Code § 44. Generally, libel is a written communication that is false, not protected by privilege, and exposes a person to ridicule or other reputational injury. Id. § 45. Slander is a false and unprivileged oral statement that attributes certain misconduct or unfavorable characteristics to a person, which causes damage. Id. § 46. Statements that implicate a person's "office, profession, trade or business" may be slanderous. Id. Both libel and slander require that the defamatory statements be communicated to the third person who understands the defamatory meaning of the words and the way in which they are meant to describe the defamee. Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (Cal. Ct. App. 1999). A claim for slander need not include the exact words alleged to be slanderous, but must at least describe the substance of the defamatory statement. Okun v. Superior Court (Maple Properties), 29 Cal. 3d 442, 458 (Cal. 1981). The heightened pleading requirements of New York Times Co. v. Sullivan, 376 U.S. 254 (1964), only apply where the person defamed is a public figure, which is defined as a person for whom there is "clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society." Gertz v. Robert Welch, 418 U.S. 323, 351-52 (1974).

Here, the fifth claim sufficient pleads the factual basis for a claim for defamation. It alleges all of the elements of

11

1  slander and libel, alleging that the defamatory statements were
2  written or oral. Although it does not recite the actual words
3  that the CUSA and the third-party defendant are alleged to have
4  used, he has described the substance of the defamatory
5  statements. Because there is no indication, let alone clear
6  evidence, that Mr. Harkins is a "public figure," he was required
7  to plead no more than that described in the California statute.
8  Therefore, CUSA's motion must be denied as to the fifth
9  counterclaim.
10      The fourth claim, however, is not adequately pled. Although
11 it pleads most of the elements of slander and libel, it does not
12 contain an allegation of the substance of the defamatory
13 statements published by CUSA. This defect is fatal to the claim.
14 See Okun, 29 Cal. 3d at 458. Consequently, CUSA's motion will be
15 granted as to Harkins' fourth claim, with leave to amend.
16 **B.   Motion for a More Definite Statement**
17      Federal Rule of Civil Procedure 12(e) provides:  "If a
18 pleading to which a responsive pleading is permitted is so vague
19 or ambiguous that a party cannot reasonably be required to frame
20 a responsive pleading, the party may move for a more definite
21 statement before interposing a responsive pleading." Fed. R.
22 Civ. P. 12(e). "The situations in which a Rule 12(e) motion is
23 appropriate are very limited." See 5A C. Wright & A. Miller,
24 Federal Practice and Procedure, § 1377 (3d ed. 2004).
25      CUSA moves for a more definite statement as to all of the
26 counterclaims. As explained above, the first and fourth

12

1 counterclaims are dismissed. With respect to the other causes of
2 action, the court finds that they allege sufficient facts to
3 provide notice to CUSA of the grounds for his alleged
4 entitlement for relief. See Bell Atlantic, 127 S. Ct. at 1964-
5 65. A more definite statement is not necessary in order for CUSA
6 to frame a responsive pleading. See Fed. R. Civ. Proc. 12(e).

**C.   Motion to Strike**

8    CUSA moves to strike three portions of the counterclaims.
9 First, it seeks to strike the fifth cause of action as being
10 redundant with the fourth. Second, it seeks to strike the words
11 "and unpublished" in the fourth and fifth causes of action. As
12 explained below, this motion is denied.

13    Federal Rule of Civil Procedure 12(f) authorizes the court
14 to strike from any pleading "any redundant, immaterial,
15 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).
16 Motions to strike are viewed with disfavor, and will usually be
17 denied unless the allegations in the pleading have no possible
18 relation to the controversy, and may cause prejudice to one of
19 the parties.  See 5A C. Wright & A. Miller, Federal Practice and
20 Procedure, § 1380 (3d ed. 2004). CUSA has failed to show that
21 the portions of the counterclaims that it seeks to strike have
22 no possible relation to the controversy and may prejudice the
23 parties. In his opposition, counterclaimant argues that his
24 fourth and fifth claims, both of which allege defamation, refer
25 to separate defamatory statements. Because the fourth
26 counterclaim is dismissed with leave to amend, it is premature

13

to strike this claim without having permitted a pleading that sets out the distinct basis for this claim.

Moreover, CUSA's motion to strike the words "and unpublished" from the defamation claims must be denied. Although CUSA is correct that defamatory statements that are "unpublished," in the legal sense of the word, are irrelevant to defamation actions, CUSA has not shown that such statements have no possible relation to this controversy. Additionally, CUSA has not shown that it will suffer any prejudice from the inclusion of these words in Mr. Harkins's counterclaims. Accordingly, the motion to strike is denied.

## IV. CONCLUSION

For the reasons described herein, the court orders:

1. Plaintiff and counter-defendant CUSA's motion to dismiss is GRANTED as to defendant and counter-plaintiff Harkins' first and fourth counterclaims. CUSA's motion to dismiss is DENIED as to Harkins' second, third, and fifth counterclaims.
2. Plaintiff and counter-defendant CUSA's motion for a more definite statement is DENIED.
3. Plaintiff and counter-defendant CUSA's motion to strike is DENIED.
4. Defendant and counter-plaintiff Harkins is granted thirty days from the date of this order to file an amended countercomplaint.

5. The Clerk is directed to copy the removal notice (docket number 1), attachments to removal notice (docket number 2-4), answers (docket number 7 and 43), first amended complaint (docket number 35), answer, third-party complaint and counterclaim (docket number 38), and motion to dismiss (docket number 52 and 53) in case number 2:07-cv-00653-LKK-EFB and to place those copies in the "master file," which has been designated to be case number 2:07-cv-1790-LKK-EFB

IT IS SO ORDERED.

DATED:  October 24 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

15