1  DAVID P. MASTAGNI, ESQ. (SBN 057721)
   AMANDA S. UHRHAMMER, ESQ.  (SBN 204224)
2  JAMES B. CARR, ESQ.  (SBN 053274)
   PHILLIP MASTAGNI, ESQ. (SBN 238254)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95814
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Defendants
   Corrections USA, a California Corporation,
8  California Correctional Peace Officers Association,
   a California Corporation, Donald Joseph Baumann,
9  and James Baiardi

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  BRIAN DAWE, individually and d/b/a FLAT IRON MOUNTAIN ASSOCIATES, | Case No.: 2:07-CV-01790 LKK EFB |
| 13                        Plaintiff, | **[Consolidated Master Case]** |
| 14        v. | **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| 15  CORRECTIONS USA , a California | [FRCP 26(c); Local Rule 83-143] |
| 16  Corporation; CALIFORNIA CORRECTIONAL PEACE OFFICERS | |
| 17  ASSOCIATION, a California Corporation; JAMES BAIARDI, an individual; DONALD | |
| 18  JOSEPH BAUMANN, an individual, | |
| 19                        Defendants. | |
| 20  AND RELATED COUNTERCLAIM | |
| 21  CORRECTIONS USA, a California Mutual Benefit Corporation, | |
| 22                        Plaintiff, | |
| 23        v. | |
| 24  BRIAN DAWE, individually and d/b/a FLAT | |
| 25  IRON MOUNTAIN ASSOCIATES; RICHARD LOUD; GARY HARKINS; and | |
| 26  DOES 1-100, inclusive, | |
| 27                        Defendants. | |
| 28  AND RELATED COUNTERCLAIMS        . | |

Plaintiffs/Counter-Claimants/Counter-Defendants, BRIAN DAWE, RICHARD LOUD AND GARY HARKINS (collectively, "Plaintiffs") and Defendants CORRECTIONS USA, CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION, JAMES BAIARDI, and DONALD BAUMANN, individuals, (collectively, "Defendants") hereby stipulate, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), to the following Protective Order Re: Confidential Information, for the purpose of governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, medical, or personal information subject to the California Constitutional Right of Privacy and to the common law, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION").

**1.    Initial Designation.**

**1.1    Good Faith Claims.** Claims of confidentiality will be made only with respect to documents, other tangible things, and information that the asserting party has a good faith belief is legally entitled to protection from discovery and disclosure under the Federal Rules of Civil Procedure and applicable federal and California Corporations Code case law.  Objections to such claims made pursuant to paragraph 3 shall also be made in good faith.

**1.2    Produced Documents.** A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label that identifies them as CONFIDENTIAL INFORMATION.  No particular form of label is required so long as it indicates that the document contains CONFIDENTIAL INFORMATION.  The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents" includes all writings, other media on which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure or federal law.

**1.3    Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains CONFIDENTIAL INFORMATION, it shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph l.2.  The answers to interrogatories should

1   make reference to the separately-produced document containing the answer, but such document

2   should not be attached to the interrogatories.

3      **1.4   Inspections of Documents.**  If a party responding to discovery elects to allow

4   another party to inspect records and files maintained by the responding party (instead of

5   affirmatively producing copies of those records and files to the requesting party), no designation

6   of CONFIDENTIAL INFORMATION needs to be made in advance of the inspection.  For

7   purposes of such inspection, all material produced shall be treated as CONFIDENTIAL

8   INFORMATION, but only until such time as the inspecting party conducts the inspection and

9   identifies specified documents to be copied.  Once the inspecting party makes such an

10  identification, the responding party shall designate any documents it believes contain

11  CONFIDENTIAL INFORMATION in accordance with Paragraph 1.2 herein at the time the

12  copies are produced.

13     **1.5   Deposition Transcripts**.   In order to relieve the parties from having to address

14  questions of confidentiality during the course of a deposition, each deposition transcript shall be

15  treated as CONFIDENTIAL INFORMATION, for a period of twenty-one (21) days following

16  the deposition reporter's preparation of said transcript.  At the conclusion of the twenty-one day

17  period, the deposition transcript shall no longer be treated as CONFIDENTIAL

18  INFORMATION, unless a party informs the other parties of one or more portions of the

19  transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  If such a

20  designation is made, only those portions designated as CONFIDENTIAL INFORMATION shall

21  be treated as CONFIDENTIAL.  In the event a party orders the deposition transcript after the

22  expiration of the aforementioned twenty-one day period, the party shall have ten (10) days from

23  the time of receipt of said transcript to designate portions as CONFIDENTIAL.  All parties in

24  possession of a copy of a designated deposition transcript shall appropriately mark it as

25  containing CONFIDENTIAL INFORMATION.

26     **1.6   Multi-page Documents**.  A party may designate all pages of an integrated, multi-

27  page document, including a deposition transcript and interrogatory answers, as

28  CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.2 on the

first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.2 on each page of the document containing CONFIDENTIAL INFORMATION.

**1.7**     **List.**  The designating party shall prepare, periodically update, and provide to counsel upon request a listing of all designated CONFIDENTIAL INFORMATION.

**2.**     **Designations by Another Party**.  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes CONFIDENTIAL INFORMATION of such other party, it may designate the document as CONFIDENTIAL INFORMATION by so notifying all parties in writing within fourteen days of its receipt of the document.

**3.**     **Objections to Designations.**

**3.1**     **Generally.**  Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objection to portions of designations of multi-page documents, shall notify the designating party within sixty (60) days of the receipt of the designation or within thirty days of entry of this order, whichever comes later.  The objecting and the designating parties shall promptly confer in an attempt to resolve their differences.  If they are unable to resolve their differences, the designating party, if it wishes to maintain the designation, shall have thirty (30) days from the service of the objection to file with the Court a motion to maintain the CONFIDENTIAL INFORMATION designation.  During the pendency of such motion, all parties shall treat the material that is the subject of the motion as CONFIDENTIAL INFORMATION until the Court rules on the motion.   The party seeking to have material designated as CONFIDENTIAL INFORMATION maintained as CONFIDENTIAL, shall bear the burden of establishing the material's status as CONFIDENTIAL, and shall demonstrate good cause for such a designation, which shall include establishing that the document qualifies for confidential treatment under the law.  If a motion to designate information as  CONFIDENTIAL under the provisions of Paragraph 3.1 is made or resisted without substantial justification, the

prevailing party shall be entitled to reasonably attorneys fees and costs incurred in making or resisting the motion.

**3.2   Near Trial.**  As necessary, the Court may consider and issue at a later date a further Order to deal with designations received near the date of trial.

**4.   Custody.**   All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 5.1.  Paragraph 11 addresses in more detail the handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

**5.   Handling Prior to Trial.**

**5.1   Authorized Disclosures.**  CONFIDENTIAL INFORMATION may be disclosed by the receiving party only to its employees who are authorized to assist in the litigation; to its counsel (including employees of its counsel); to the Court (subject to the procedures stated below); to qualified persons taking testimony involving such information; and to the party's expert witnesses and consultants.  However, a party may disclose CONFIDENTIAL INFORMATION to its expert witnesses and consultants only after obtaining the person's express written acknowledgment to be bound by this Protective Order on the form prescribed in Appendix A or, with respect to material provided prior to the entry of this order, after obtaining the person's assurance that he will treat the material in the manner to be prescribed by this order. Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend this litigation.

**5.2   Unauthorized Disclosures.**  If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL

INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**5.3** **Court Filings.** ~~If any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in accordance with Local Rule 39-140, without need for any further order of this Court authorizing the redaction of CONFIDENTIAL INFORMATION from any document pursuant to Local Rule 39-140(b). This provision applies to briefs, memoranda, and other filings that quote, summarize, or describe CONFIDENTIAL INFORMATION~~. The provisions of Local Rule 39-140(a) shall apply, and the parties shall make any redactions required by that rule.  However, any further requests to redact information or to file documents under seal, must be made consistent with Local Rules 39-140(b) and 39-141.

**6.** **Handling During Trial.**  CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court upon application by any party.

**7.** **No Implied Waivers.**  The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**8.** **Inadvertent Production.**  Inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall not constitute a waiver of privilege, and any such document (including all copies) shall be returned to the producing party immediately upon its request.

**9.** **Parties' Own Documents.**  Except as provided in paragraph 2, this Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

1    **10.    Prohibition on Use Outside this Litigation.**  CONFIDENTIAL

2    INFORMATION shall not be used for any purpose in any litigation other than this case.

3    **11.    Handling Upon Conclusion of Litigation.**  Within 90 days of the conclusion of

4    this litigation, all parties and counsel to this litigation and all persons to whom disclosure was

5    made shall return all CONFIDENTIAL INFORMATION to the party that produced it, including

6    copies and extracts of CONFIDENTIAL INFORMATION.  In lieu of returning

7    CONFIDENTIAL INFORMATION, the person or party in possession of such CONFIDENTIAL

8    INFORMATION may destroy it, but must so notify counsel for the producing party.  The

9    attorney for the receiving party shall collect, assemble, and return (or destroy) all

10   CONFIDENTIAL INFORMATION.  If requested by the producing party, the attorney for the

11   receiving party shall certify in writing that all such CONFIDENTIAL INFORMATION has been

12   destroyed.

13   **12.    Further Protection.**  Nothing in this Protective Order Re: Confidential

14   Information precludes any party from seeking and obtaining from the Court a further protective

15   order for any documents or information that the party believes may not be sufficiently protected

16   by this or other protective orders, and/or to seek an Order from the Court to seal said document

17   or information.

18   **THE PROVISIONS OF THE FOREGOING STIPULATED AND AGREED TO:**

19

20   Dated: _____          WILKES, FLEURY, HOFFELT,
                                             GOULD & BIRNEY, LLP

21

22                                               Signature on original
                                             By: _____

23                                               Attorneys for Plaintiff
                                                 Brian Dawe

24

25   Dated: _____          THE VANDERMAY LAW FIRM

26

27                                               Signature on original
                                             By: _____

28                                               Attorneys for Counter-Claimant
                                                 Gary Harkins

1    Dated: _____                    Signature on original
                                            _____
2                                            Richard Loud In Pro Per
                                             Counter-Claimant/Counter-Defendant
3

4    Dated: _____        MASTAGNI, HOLSTEDT, AMICK,
                                             MILLER, JOHNSEN & URHAMMER
5
                                                   Signature on original
6                                           By: _____
                                               JAMES B. CARR
7                                              Attorneys for Defendants
                                               Corrections USA, California Correctional
8                                              Peace Officer Association, James Baiardi, and
                                                Donald Joseph Baumann
9

10

11                                   **ORDER**

12          Good cause appearing, the court hereby approves the terms of this order, subject to the

13   modifications indicated above.

14          SO ORDERED.

15
     DATED:  April 22, 2008.
16                                          _____
                                            EDMUND F. BRENNAN
17                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER RE                         Brian Dawe v. Corrections USA
CONFIDENTIAL INFORMATION                               Case No. 2:07-CV-01790 LKK EFB

**APPENDIX A.**

**<u>AGREEMENT OF CONFIDENTIALITY</u>**

I have read and I am familiar with the Protective Order Re: Confidential Information in the case entitled Case No. 2:07-CV-01790 LKK-EFB [Consolidated Master Case Number], pending in the United States District Court for the Eastern District of California.  I hereby agree to abide and be bound by all of the terms of that Order and not to use or disclose any CONFIDENTIAL INFORMATION except in accordance with the terms of the Order.

I also agree to deliver to the counsel of record who has consulted or engaged me for this action, not later than fourteen days after I am notified of the termination of this litigation, all documents in my possession or under my control designated CONFIDENTIAL INFORMATION, along with all copies thereof and all extracts and summaries of the matters contained therein.

Dated: _____          Signed: _____

Print Name: _____

Address: _____

_____

_____

Telephone Number: _____

Name of Person From Whom

CONFIDENTIAL INFORMATION

 is Received: _____