1  WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
   THOMAS G. REDMON (SBN 047090)
2  DANIEL L. BAXTER (SBN 203862)
   400 Capitol Mall, Twenty-Second Floor
3  Sacramento, CA  95814
   Telephone:    (916) 441-2430
4  Facsimile:    (916) 442-6664

5  Attorneys for Plaintiff/Counter-Defendant
   BRIAN DAWE and Plaintiff FLAT IRON MOUNTAIN
6  ASSOCIATES, LLC, formerly known as Flat Iron Mountain
   Associates, a Partnership
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 BRIAN DAWE; FLAT IRON                 Case No. 2:07-CV-01790 LKK EFB
   MOUNTAIN ASSOCIATES, LLC,
12 formerly known as Flat Iron Mountain   [Consolidated Master Case Number]
   Associates, a Partnership,
13                                        **VERIFIED FIRST AMENDED
                  Plaintiffs,             COMPLAINT**
14
        v.                                **[Jury Trial Demanded]**
15
   CORRECTIONS USA, a California
16 Corporation; CALIFORNIA
   CORRECTIONAL PEACE OFFICERS
17 ASSOCIATION, a California Corporation;
   JAMES BAIARDI, an individual;
18 DONALD JOSEPH BAUMANN, an
   individual,
19
                  Defendants.
20

21 AND RELATED COUNTERCLAIM

22

23      Plaintiffs BRIAN DAWE and FLAT IRON MOUNTAIN ASSOCIATES, LLC, formerly

24 known as Flat Iron Mountain Associates, a Partnership, hereby allege as follows:

25            **I. JURISDICTION, VENUE AND PARTIES**

26      1.      This civil action seeks damages and injunctive relief for injuries sustained by

27 Plaintiffs Brian Dawe and Flat Iron Mountain Associates, LLC, formerly known as Flat Iron

28 Mountain Associates, a Partnership arising from the conduct of Defendant Corrections USA, Inc.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1                              - 1 -

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

(hereinafter "CUSA"), by and through its Officers and Board of Directors; Defendant California Correctional Peace Officers Association, Inc. (hereinafter "CCPOA"), by and through its Officers and Board of Directors; Defendant James Baiardi, individually and in his capacity as chairman of CUSA; and Defendant Donald Joseph Baumann, individually and in his capacity as Board Member of CUSA and employee of CCPOA.

2.      Plaintiff Brian Dawe is an individual and is a resident of Lincoln County, State of Wyoming, domiciled therein at all times applicable to this Complaint.  Plaintiff Flat Iron Mountain Associates, LLC is a Wyoming limited liability company; until on or about October 5, 2006, Flat Iron Mountain Associates was a partnership under the laws of the State of Wyoming. (Mr. Dawe and Flat Iron Mountain Associates, LLC are sometimes hereinafter collectively referred to as "Plaintiffs.")

3.      On information and belief, Defendant CUSA is a corporation, incorporated under the laws of the State of California, whose principal place of business is Auburn, California.

4.      CUSA's Registered Agent is Charles Briggs III, 1912 I Street, Sacramento, California 95814.

5.      On information and belief, Defendant CCPOA is a corporation, incorporated under the laws of the State of California, whose principal place of business according to the California Secretary of State's Office is 755 Riverpoint Drive, West Sacramento, California 95606.

6.      CCPOA's Registered Agent is James Martin, 755 Riverpoint Drive, West Sacramento, California 95606.

7.      Defendant James Baiardi is a resident of the State of Florida.  He is an individual and Chairman of CUSA whose address is 300 East Brevard Street, Tallahassee, Florida 32301-1218.

8.      Defendant Donald Joseph Baumann is a resident of the State of California.  He is an individual and Board Member of CUSA and an employee of CCPOA; his address is 755 Riverpoint Drive, West Sacramento, California 95605.

9.      This is a civil action over which this Court has original and removal jurisdiction pursuant to the provisions of 28 U.S.C. sections 1332 and 1441(b), respectively, in that it is a civil

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 2 -

1   action between citizens of different states and the matter in controversy exceeds the sum of

2   $75,000, exclusive of interests and costs.

3        10.    Venue properly lies in this Court because a substantial portion of the events giving

4   rise to this action took place within the Eastern District of California.

5                    **II. FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6        11.    The preceding paragraphs of this complaint are incorporated herein by this

7   reference as if fully set forth herein.

8        12.    On or about July 1, 2006, CUSA reached an Agreement (hereinafter the

9   "Agreement") with "Flat Iron Mountain Associates" wherein "Flat Iron Mountain Associates"

10  was contracted as a "Consultant" to perform the "functions of Executive Director and Member

11  Benefits Administrator." A copy of the Agreement is attached hereto as Plaintiffs' Exhibit A and

12  incorporated herein by this reference.

13       13.    The Agreement states: "This contract calls for the performances of the services of

14  consultant as an independent contractor and consultant will not be considered an employee of

15  CUSA for any purpose."

16       14.    The Agreement also states: "Should CUSA for *any* reason terminate this contract,

17  the consultant shall be paid one year's compensation as outlined in the "PAYMENT IN

18  DURATION" clause herein. … Payments shall begin within 60 days of notice of termination."

19  [emphasis added]

20       15.    The term of the Agreement is from July 1, 2006 through June 30, 2009. In

21  addition, the contract may be terminated by either party with 30 days' notice.

22       16.    The Agreement provides that should CUSA terminate the contract, the consultant

23  would be paid $111,000.00 in either a lump sum or in monthly installments.

24       17.    There are no other provisions within the Agreement concerning termination of the

25  agreement or suspension of the Agreement.

26       18.    On August 11, 2006, by letter addressed to Plaintiff Brian Dawe, not Flat Iron

27  Mountain Associates, Defendant CUSA informed Plaintiff Brian Dawe that he "was placed on

28  suspension without pay." A copy of the August 11, 2006 letter is attached hereto as Plaintiffs'

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 3 -

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

Exhibit B and incorporated herein by this reference.

19.    On September 7, 2006, the Board of Directors of CUSA voted to continue the suspension without pay of Brian Dawe.  A copy of the September 7, 2006 Resolution is attached hereto as Plaintiffs' Exhibit C and incorporated herein by this reference.

20.    On October 17, 2006 by letter, CUSA through their Interim Administrator, Nina Salarno Ashford, notified Marilyn Dawe, Plaintiff Brian Dawe's spouse, that "the Board of Directors of CUSA is terminating your contract immediately," referring to the Agreement.  A copy of the October 17, 2006 letter is attached hereto as Plaintiffs' Exhibit D and incorporated herein by this reference.

21.    As of the date of this complaint, which is beyond sixty (60) days of receipt of the termination letter, Plaintiff Brian Dawe has not been paid according to the provisions of the Agreement.

22.    Additionally, Plaintiffs know of no payments to Flat Iron Mountain Associates from Defendant CUSA under the Agreement.

### III. FIRST CAUSE OF ACTION:
### REQUEST FOR DECLARATORY JUDGMENT
### WAS THE CONTRACT AN EMPLOYMENT CONTRACT?

### (By Dawe and Flat Iron Against Defendant CUSA)

23.    The preceding paragraphs of this complaint are incorporated herein by this reference as though fully set forth herein.

24.    This request is being made pursuant to the Wyoming Uniform Declaratory Judgments Act.

25.    Plaintiffs hereby request the Court to declare the rights, status and legal relations of the Plaintiffs and Defendants and whether or not further relief is or could be claimed. W.S. §1-37-102.

26.    Specifically, whether or not the Agreement is in fact an employment agreement as opposed to an independent contract.

27.    In addition to the allegations outlined herein, Plaintiffs direct the Court's attention to the Standard Operating Procedures of CUSA, Article 3 "Executive Director" states: "The

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

Board of Directors shall, at its discretion, contract an *individual* to serve as the corporation's Executive Director."

28.     The Agreement, coupled with the August 11, 2006 letter, the September 7, 2006 Board Resolution, and the standard operating procedures all indicate that the relationship between CUSA and Plaintiff Brian Dawe was that of an employment nature, affording all the protections under the employment laws of the State of Wyoming.

## IV. SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT (INDEPENDENT CONTRACT)

### (By Flat Iron Against Defendant CUSA)

29.     The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

30.     In the alternative, if this Court, after review of the evidence herein finds that the Agreement is an independent contract, as opposed to an employment agreement, Plaintiffs allege that CUSA has breached said Agreement by failing to provide Plaintiff Flat Iron with payments as agreed to therein.

## V. THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT (EMPLOYMENT)

### (By Dawe Against Defendant CUSA)

31.     The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

32.     "Wyoming has long recognized that the hiring of an employee by an employer occurs by contract." See *Wilder v. Code Country Chamber of Commerce*, 868 P.2d 211, 217 (Wyo. 1994).

33.     "Wyoming continues to accept the common-law employment at will rule which states that either party may terminate a contract of employment, which is for an indefinite duration, at any time, for any reason or for no reason at all." *Id.* At 218.

34.     "The converse to the employment at will rule is that when a contract of employment states a definite duration, dismissal only for cause is presumed." *Id.*

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 5 -

VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)

35.     As noted above, the Agreement was for a definite duration.

36.     In the alternative, if, upon ruling of the Court, that the Agreement is determined to be an employment contract, then Defendant CUSA breached the employment by discharging Plaintiff Brian Dawe without cause.

## VI. FOURTH CAUSE OF ACTION:
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (TORT)

### (By Dawe and Flat Iron Against Defendant CUSA)

37.     The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

38.     "Therefore, we hold that all contracts of employment contain an implied covenant of good faith and fair dealing. ..." See *Wilder* at 220.

39.     CUSA breached the covenant of good faith and fair dealing by failing to provide payment to Plaintiff and have otherwise failed to perform under the Agreement in good faith.

40.     Plaintiffs had a special relationship with CUSA and CUSA terminated the contract in an effort to avoid further obligations to Plaintiffs under this Agreement.

## VII. FIFTH CAUSE OF ACTION:
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (CONTRACT)

### (By Dawe and Flat Iron Against Defendant CUSA)

41.     The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

42.     CUSA has committed certain acts which have injured Plaintiffs' right to receive benefits under this Agreement.

43.     Specifically, by placing Plaintiff Dawe on "suspension without pay," without authority granted in the contract and failing to make payments as promised, CUSA has effectively avoided its obligations under the Agreement to the demise of the Plaintiffs.

/ / /

/ / /

/ / /

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 6 -

VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)

## VIII.  SIXTH CAUSE OF ACTION:
### DEFAMATION – CUSA

### (By Dawe Against Defendant CUSA)

44.   The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

45.   "A defamatory communication is one which tends to hold the plaintiff up to hatred, contempt, ridicule or scorn or which causes him to be shunned or avoided; one that tends to injure his reputation as to diminish the esteem, respect, goodwill or confidence in which he is held."  See *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 226 (Wyo. 1994) citing *Tschirgi v. Lander Wyoming State Journal*, 706 P.2d 1116, 1119 (Wyo. 1985).  *Accord Century Ready-Mix Co. v. Campbell Country School Dist.*, 816 P.2d 795, 799 (Wyo. 1991).

46.   Plaintiff Brian Dawe has served in the correctional personnel business for over 24 years and has maintained a well known and respected reputation.

47.   Upon information and belief, the members of the Board of Directors of CUSA and CCPOA, both in their official capacity and as individuals have commented, in writing and orally, to members of the corrections profession that the Plaintiff Dawe has committed illegal and unethical acts.

48.   For example, in an e-mail dated January 3, 2007 (herein the "January 3 e-mail") which contained an attached letter by James Baiardi, individually and in his capacity as Chairman of CUSA.   Therein Defendant Baiardi made untrue statements about Plaintiff Dawe to the membership of CUSA.   A copy of the letter is attached hereto as Plaintiffs' Exhibit E and incorporated by this reference.

49.   Such allegations are without truth or merit.

50.   As a result of these comments, Plaintiff Dawe has not been able to maintain his reputation among the corrections professionals with whom he has shared a life and career.

51.   That as a result of these false allegations, Plaintiff Dawe has received death threats, chastisement and has suffered irreparable emotional and financial harm.

52.   That Plaintiff Dawe is entitled to economic and punitive damages in an amount to

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 7 -

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

1    be determined at trial.

## IX.  SEVENTH CAUSE OF ACTION:
## DEFAMATION – CCPOA

### (By Dawe Against Defendant CCPOA)

53.    The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

54.    As stated in Paragraph 47, *supra*, the members of the Board of Directors of CUSA and CCPOA, both in their official capacity and as individuals, have commented, in writing and orally, to members of the corrections profession that Plaintiff Dawe has committed illegal and unethical acts.  For example, the January 3 e-mail was sent from an address known as the CCPOA Committee's.

55.    Consequently, CCPOA made and facilitated the publication of defamatory statements about Plaintiff Dawe.

56.    That Plaintiff Dawe is entitled to economic and punitive damages in an amount to be determined at trial.

## X.  EIGHTH CAUSE OF ACTION:
## DEFAMATION – DONALD JOSEPH BAUMANN AND JAMES BAIARDI

### (By Dawe Against Defendants Baumann and Baiardi)

57.    The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

58.    The January 3 e-mail prepared by Mr. Baiardi was sent from an address known as the CCPOA Committee's.

59.    Upon information and belief, said e-mail address is registered to and/or used by Defendant Donald Joseph Baumann.

60.    Consequently, Donald Joseph Baumann facilitated and directed the publication of defamatory statements about Plaintiff Dawe.

61.    That Plaintiff Dawe is entitled to economic and punitive damages in an amount to be determined at trial.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 8 -

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

# XI. NINTH CAUSE OF ACTION:
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

### (By Dawe and Flat Iron Against All Defendants)

62.     The preceding paragraphs of this Complaint are incorporated herein by this reference as if fully set forth herein.

63.     "Wyoming recognizes the tort of intentional interference with a prospective contractual relationship." See *Wilder* at 226, citing *Four Nines Gold, Inc. v. 71 Const., Inc.*, 809 P.2d 236, 238 (Wyo. 1991); *Martin v. Wing*, 667 P.2d 1159, 1162 (Wyo. 1983).

64.     "One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of … (b) preventing the other from acquiring or continuing the prospective relation." *Id.*

65.     By the actions outlined in the Articles above, CUSA, CCPOA, James Baiardi, and Donald Joseph Baumann, with knowledge of Plaintiffs' existing and prospective contractual and economic relationships, interfered with those relationships and damaged Plaintiffs' ability to keep and obtain employment and contractual relations in the corrections industry.  Specifically, by the January 3 e-mail and other oral and written communications, Defendants have actively sought to ruin Plaintiffs' contractual and economic relationship with CUSA, and to ruin Plaintiffs' opportunity to start up a new business in the corrections industry.

## XII.   REQUEST FOR INDEMNIFICATION

### (By Dawe and Flat Iron Against Defendant CUSA)

66.     The preceding paragraphs of this complaint are incorporated herein by this reference as if fully set forth herein.

67.     The Agreement provides that the Plaintiffs shall be indemnified by CUSA for actions taken against the Plaintiffs or CUSA.  Thus, the Plaintiffs request that they be indemnified for all court costs, litigation fees and attorney's fees incurred in the course of the action and any other action concerning the Plaintiffs and CUSA.

WHEREFORE, the Plaintiffs respectfully request the Court for the following relief:

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

**VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)**

1.     That all Defendants be enjoined from making further written and oral defamatory remarks concerning the conduct of the Plaintiffs;

2.     That the Court award Plaintiffs damages for economic and emotional injuries suffered by the Plaintiffs;

3.     That punitive damages be awarded to the Plaintiffs for the unreasonable and unlawful conduct of the Defendants;

4.     That the Plaintiffs be indemnified by CUSA for any and all costs associated with this action;

5.     That Plaintiffs be awarded reasonable attorney's fees and costs for bringing this action; and

6.     Any further relief deemed necessary and proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this matter.

DATED:  January 30, 2008

By:  _____/s/ Brian Dawe_____
BRIAN DAWE

DATED:  January 30, 2008

By:  _____/s/ Brian Dawe_____
BRIAN DAWE, Authorized Representative of
FLAT IRON MOUNTAIN ASSOCIATES,
LLC, formerly known as Flat Iron Mountain
Associates, a Partnership

DATED:  January 30, 2008

WILKE, FLEURY, HOFFELT, GOULD &
BIRNEY, LLP

By:  _____/s/ Daniel L. Baxter_____
DANIEL L. BAXTER
Attorneys for Plaintiff/Counter-Defendant
BRIAN DAWE and Plaintiff FLAT IRON
MOUNTAIN ASSOCIATES, LLC, formerly
known as Flat Iron Mountain Associates, a
Partnership

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

404734.1

- 10 -

VERIFIED FIRST AMENDED COMPLAINT (CASE NO. 07-01790 LKK EFB)

# AGREEMENT

This contract is effective the 1ˢᵗ day of July, 2006 between Corrections USA (herein "CUSA) a non-profit business with its principle office located at 63 East St., SVR, Thayne, Wyoming 83127, and Flat Iron Mountain Associates (herein "consultant").

A. CUSA desires to have consultant perform the services described below on a consultant basis.

B. Consultant agrees to perform these services for CUSA under the terms and conditions set forth in this contract.

In consideration of the mutual promises set forth in this contract, it is agreed by and between CUSA and the consultant as follows:

## NATURE OF WORK

Consultant will perform the functions of the Executive Director, and Member Benefits Administrator and will coordinate events, membership recruitment, and communication.

## TIME AND PLACE OF WORK

The services and hours of the consultant will be entirely within the consultant's control and the time and place of work will be determined by the consultant as needed.

## PAYMENT IN DURATION
## $111,000.00 per year.

## TERM OF THE CONTRACT

This contract is for the period of July 1, 2006 through June 30, 2009 and can be terminated within thirty days notice by either party.

## SEVERANCE

Should CUSA for any reason terminate this contract, the consultant shall be paid one year's compensation as outlined in the "PAYMENT IN DURATION" clause herein. Payment is to be made in either equal monthly disbursements or by lump sum. Payments shall begin within 60 days of the notice of termination.

## INDEMNIFICATION

Consultant shall be indemnified from all actions taken against CUSA or against the consultant as a result of the consultant's actions while in his/her capacity as consultant for CUSA.

EXHIBIT A

Agreement
Page 2

## STATUS OF CONSULTANT

This contract calls for the performance of the services of consultant as an independent contractor and consultant will not be considered an employee of CUSA for any purpose.

In witness whereof CUSA has executed this agreement at Warwick, Rhode Island this _16_ day of _June_ 2006.

_____
Richard Loud, President CUSA

In witness whereof Brian Dawe has executed this agreement at Warwick, Rhode Island this _16 TH_ day of _June_ 2006.

_____
Brian Dawe, Flat Iron Mountain Associates



# Corrections U.S.A.

*Patrolling Law Enforcement's Toughest Beat*

August 11, 2006

**Delivered Via Hand**

Brian Dawe
P.O. Box 1155
Thayne, WY 83127

Dear Brian Dawe:

Please be advised that the Board of Directors of CUSA took action today, August 11, 2006, to place you on suspension without pay pending further investigation and appropriate action of the Board of Directors of CUSA.

Per the resolution of the Board of Directions of CUSA dated August 11, 2006, you are hereby directed to immediately deliver all financial books, records, property and assets specifically, but not limited to, membership lists, credit cards and inventory of property belonging to CUSA. The Board of Directors directs that these items be delivered to the law office of Nina Salarno Ashford at 11400 Atwood Road, Auburn, California, 95603 no later than the close of business August 30, 2006. In the alternative, you are authorized to make arrangements for Gary Harkins to deliver the documents for you.

Furthermore, the Board of Directors of CUSA resolves that you do not use any of the assets belonging to CUSA including, but not limited to, membership lists, website information, contact information and property until further action of the Board of Directors.

If you have any questions, please contact Nina Salarno Ashford at (530) 885-9584.

With regret,

Vito Dagnello
Chair
CUSA

cc:   Board of Directors, CUSA

# EXHIBIT B

P.O. Box 1155, Thayne, WY 83127, PHN: (307) 883-CUSA (2872)  FAX: (307) 883-2870  WEB: www.cusa.org

CUSA
Meeting of the Board of Directors
September 7, 2006

Be it resolved that on September 7, 2006, a quorum of the Board of Directors of Corrections USA unanimously voted that enough preliminary justification existed to continue the suspension without pay of Richard Loud and Brian Dawe.

Dated this 18 day of September, 2006

Don McNany, Chair

EXHIBIT C



# Corrections U.S.A.

*Patrolling Law Enforcement's Toughest Beat*

October 17, 2006

Marilyn Dawe
P.O. Box 1155
Thayne, WY 83127

Re: Corrections USA

Dear Ms. Dawe:

Enclosed is a resolution from the Board of Directors of Corrections USA which terminates any and all contracts entered into by Mr. Dawe, Mr. Loud, and/or Mr. Harkins. It is my understanding that Flat Iron Mountain, which you own, may have entered into a contract with one or more of these individuals. Please understand that the Board of Directors of CUSA is terminating your contract immediately. Therefore, you are obligated to immediately provide me with any and all information in your possession that pertains to CUSA. If you fail to provide me with any and all information you could be subject to litigation.

Thank you in advance for your courtesy and cooperation.

Thank You,

Nina Salarno Ashford
Attorney at Law
Interim Administrator to Corrections USA

Please note that all information regarding Corrections USA should be sent to 11400 Atwood Road, Auburn, CA 95603.

EXHIBIT D

P.O. Box 1155, Thayne, WY 83127, PHN: (307) 883-CUSA (2872)   FAX: (307) 883-2870 WEB: www.cusa.org

IT IS THEREFORE RESOLVED by a unanimous vote of a quorum of the Directors of Corrections USA that all contracts for services and/or goods, or otherwise, are voided, canceled revoked, and terminated immediately and actual knowledge and notice, in accordance with California Corporate Code §7213, is hereby given that Brian Dawe, Richard Loud, and Gary Harkins have no authority to execute and/or enter into any note, mortgage, evidence of indebtedness, contract, conveyance or other instrument in writing, and any assignment or endorsement thereof, executed or entered into between any corporation and any other person and Corrections USA. Further, letters stating the same shall be sent to all Corrections USA creditors and at the discretion of Corrections USA may ratify or renegotiate the above-mentioned transactions.

Secretary Signature: _____   Date: 10/14/06

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

State of California

County of _Sacramento_ } ss.

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____

_____        _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (or affirmed) before me on this

_14_ day of _October_, _06_, by
Date        Month        Year

(1) _Donald Joseph Baumann_,
Name of Signer

☐ Personally known to me
☒ Proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)
(and)

(2) _____
Name of Signer

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

_Carla L. Kimball_
Signature of Notary Public

**CARLA LYNN KIMBALL**
Commission # 1407514
Notary Public - California
Sacramento County
My Comm. Expires Mar 27, 2007

Place Notary Seal Above

─────────────── **OPTIONAL** ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Further Description of Any Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

Subj:       **Fw: Corrections USA Update from James Baiardi, CUSA Chairman**
Date:       1/4/2007 6:07:21 AM Mountain Standard Time
From:       njspbacoc@optonline.net
To:         LOCKDOWNRL@aol.com, BDawe82086@aol.com

a friend of min forwarded me this email, sue their asses for slander!!!!!!!!!!!!
----- Original Message -----
**From:** negrito68@aol.com
**To:** njspbacoc@optonline.net
**Sent:** Thursday, January 04, 2007 7:09 AM
**Subject:** Fwd: Corrections USA Update from James Baiardi, CUSA Chairman




-----Original Message-----
**From:** correctionsusa@mac.com
**Sent:** Wed, 3 Jan 2007 6:02 PM
**Subject:** Corrections USA Update from James Baiardi, CUSA Chairman


Fellow Correctional Officer:
Corrections U.S.A. would like to thank you for your continued support.
Each and every day you work hard to keep the public safe and facilities secure.
Your
job is dangerous, stressful, and difficult. You deserve higher pay, better
benefits,
improved working conditions, and appreciation for the work you do. Together, we
are focused on improving the correctional officer profession.

Retired Officers Brian Dawe, Richard Loud, and Gary Harkins have started a new
organization. These individuals were removed from Corrections U.S.A. for
mismanaging the organization. Richard spent your hard earned dues money on
purchasing a time share in Florida for personal use. Several cash withdrawals
were
made at casinos. Richard purchased a top of the line Ford Expedition, with
leather
seats and all the bells and whistles, on your dime. These are just a few
examples of
how they spent your money.

While private prison companies made major gains across the country, what were
Brian and Richard doing? Brian was driving across the country, on road trip
after
road trip, falling off the wagon and padding his pocket. Brian supplemented the
CUSA income he, his wife, and his daughter received with mileage reimbursement.
While Brian was driving around the country without a roadmap, Richard was flying
to
and from Florida (time share shopping?) or drinking and eating at a pub in Rhode
Island. You would think that with the countless number of drinks/meals he bought
he could have signed up a few members in Florida and Rhode Island. In fact,
according to the records Richard submitted, he never signed up any members in
Florida or Rhode Island. The bottom line -- Richard and Brian approved each
others
expenses and signed each others checks. They spent unheard of amounts of your
dues money to their own benefit while accomplishing little or nothing for
correctional
officers on the line.

You will be pleased to know that CUSA?s new leadership consists of active
correctional officers who do not receive a CUSA paycheck. While we have nothing
but



Thursday, January 04, 2007 America Online: BDawe82086

2 of 2

Case 2:07-cv-01790-LKK-EFB  Document 133   Filed 01/30/09  Page 19 of 21

respect for retired officers, we believe it is important that CUSA?s decision-makers
are active officers who are in touch with what is going on in prisons. CUSA was not
designed to provide retired correctional officers and their families with a pay check,
expense account and a lavish lifestyle. We have taken the steps necessary to ensure
your hard earned dues money are spent wisely, effectively, and in support of our mission to advance the corrctional officer profession.
Brian Dawe and Richard Loud will ask you to give your money to support their new organization. They will say and do anything to get your support. They desperately
need your money to pay for their own personal legal defense and personal bills. Do
you want your union dues to be used to support Brian and Richard?s lifestyle? CUSA
believes your hard earned dues money should be devoted to making life better for YOU and YOUR families.

We know that Correctional Officers are seasoned professionals who know a con when
they see one. CUSA urges you to stay the course ? we are the one, united and strong national voice for correctional officers. Do not let your dues money be wasted
on ACO and to support Brain and Richard?s lifestyle. Please feel free to contact CUSA
at (877) 702-1022 if you have any questions or information.

Corrections USA
11400 Atwood Road
Auburn, California 95604-7835

---

**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

Thursday, January 04, 2007 America Online: BDawe82086



Fellow Correctional Officer:

Corrections U.S.A. would like to thank you for your continued support.

Each and every day you work hard to keep the public safe and facilities secure. Your job is dangerous, stressful, and difficult.  You deserve higher pay, better benefits, improved working conditions, and appreciation for the work you do.  Together, we are focused on improving the correctional officer profession.

Retired Officers Brian Dawe, Richard Loud, and Gary Harkins have started a new organization.  These individuals were removed from Corrections U.S.A. for mismanaging the organization.  Richard spent your hard earned dues money on purchasing a time share in Florida for personal use.  Several cash withdrawals were made at casinos.  Richard purchased a top of the line Ford Expedition, with leather seats and all the bells and whistles, on your dime.  These are just a few examples of how they spent your money.

While private prison companies made major gains across the country, what were Brian and Richard doing?  Brian was driving across the country, on road trip after road trip, falling off the wagon and padding his pocket.  Brian supplemented the CUSA income he, his wife, and his daughter received with mileage reimbursement.  While Brian was driving around the country without a roadmap, Richard was flying to and from Florida (time share shopping?) or drinking and eating at a pub in Rhode Island.  You would think that with the countless number of drinks/meals he bought he could have signed up a few members in Florida and Rhode Island.  In fact, according to the records Richard submitted, he never signed up any members in Florida or Rhode Island. The bottom line -- Richard and Brian approved each others expenses and signed each others checks.  They spent unheard of amounts of your dues money to their own benefit while accomplishing little or nothing for correctional officers on the line.

You will be pleased to know that CUSA's new leadership consists of active correctional officers who do not receive a CUSA paycheck. While we have nothing but respect for retired officers, we believe it is important that CUSA's decision-makers are active officers who are in touch with what is going on in prisons.  CUSA was not designed to provide retired correctional officers and their families with a pay check, expense account and a lavish lifestyle.  We have taken the steps necessary to ensure your hard earned dues money are spent wisely, effectively, and in support of our mission to advance the corrctional officer profession.

Brian Dawe and Richard Loud will ask you to give your money to support their new organization.  They will say and do anything to get your support.  They desperately need your money to pay for their own personal legal defense and personal bills.  Do you want your union dues to be used to support Brian and Richard's lifestyle?  CUSA believes your hard earned dues money should be devoted to making life better for YOU and YOUR families.

We know that Correctional Officers are seasoned professionals who know a con when they see one.  CUSA urges you to stay the course – we are the one, united and strong national voice for correctional officers.  Do not let your dues money be wasted on ACO and to support Brain and Richard's lifestyle.  Please feel free to contact CUSA at (877) 702-1022 if you have any questions or information.