IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE, individually and d/b/a
FLAT IRON MOUNTAIN ASSOCIATION,
formerly known as Flat Iron Mountain
Associates, a Partnership,

    Plaintiff,                              No. CIV S-07-1790 LKK EFB

    vs.

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS
ASSOCIATION, a California Corporation;
JAMES BAIARDI, an individual;
DONALD JOSEPH BAUMANN, an
individual,,

    Defendants.                     ORDER
_____/
AND RELATED COUNTERCLAIM
_____/

    On April 1, 2009, this court heard the motion filed by plaintiff/counter-defendant Brian Dawe and defendant/counter-plaintiff Gary Harkins (collectively, "Plaintiffs") to compel defendant/cross-complainant Corrections USA ("CUSA") and defendants California Correctional Peace Officers Association ("CCPOA"), Donald Joseph Baumann and James Baiardi (collectively, "Defendants"), to produce documents and further responses to plaintiffs'

1

Requests for Production of Documents, Set No.One, served November 7, 2007,[1] and for sanctions. Dckt. No. 148. Attorney Daniel Baxter appeared on behalf of plaintiffs; Phillip Mastagni and James Carr appeared on behalf of defendants.

Subsequent to the hearing, and at the court's direction, plaintiffs submitted a proposed order. Dckt. No. 166. Defendants filed objections, Dckt. No. 167, and plaintiffs a reply, Dckt. No. 168. Due to the parties' continuing disagreements, the court now issues the following order, reflecting the court's rulings from the bench and further addressing defendants' request for a stay of discovery, and plaintiffs' request for sanctions.

1. Defendants' request for an order staying plaintiffs' instant motion to compel discovery is DENIED.

2. For the reasons stated by the court at the April 1, 2009 hearing IT IS HEREBY ORDERED THAT:

    A. Defendants' counsel shall, on or before April 21, 2009,[2] serve upon plaintiffs' counsel, written certification that defendants have conducted a diligent search for all documents responsive to the disputed discovery requests and produced all responsive documents within their custody and control. This certification shall include, when pertinent, reference to each responsive document, including Bates-stamped page numbers.

    B. Defendants' counsel shall, on or before April 21, 2009 (*see* n. 2, *supra*), provide a supplemental privilege log (particularly relative to current Entry Nos. 11, 12, 15, 16 and 21 of defendants' Third Supplemental Privilege Log) describing with particularity each withheld or redacted document responsive to the disputed discovery requests, including Bates-

---

[1] Collectively, these requests include 68 propounded upon CCPOA, 69 propounded upon CUSA, 7 propounded upon Mr. Baumann, and 6 propounded upon Mr. Baiardi. Jt. Stmt., at p. 5, n. 3.

[2] This deadline was stated at the hearing and it is the expectation of the court that defendants *met* this deadline. If, however, defendants awaited publication of this order to comply with the court's directive, the deadline shall be five court days after this order is filed.

stamped page numbers, and explaining fully and precisely the basis for each asserted privilege.

    C. The membership contact information set forth in Entry Nos. 24, 25 and 26 of defendants' Third Supplemental Privilege Log shall be provided in unredacted form to plaintiffs' counsel subject to an "attorneys eyes only" proviso, that is, subject to the conditions of the parties' existing protective order (*see* Apr. 23, 2008 Order, at p. 23), as amended by the instant ruling. Plaintiffs' counsel may disclose this information only to other lawyers, staff or investigators associated with counsel's law firm, who may in turn interview the members whose contact information has been provided. This information shall not be disclosed to plaintiffs or their agents.

    D. The discovery requests at issue are the following:

    i. Plaintiffs' Request No. 62 to both CUSA and CCPOA.

    ii. Plaintiffs' Request Nos. 25-27 to both CUSA and CCPOA.

    iii. Plaintiffs' Request No. 23 to both CUSA and CCPOA; Request No. 1 to Baiardi; Request No. 2 to Baumann.

    iv. Plaintiffs' Request Nos. 31 and 52 to both CUSA and CCPOA; Request Nos. 4 and 5 to Baiardi; Request Nos. 5 and 6 to Baumann.

    v. Plaintiffs' Request Nos. 28, 29, and 51 to both CUSA and CCPOA; Request No. 2 to Baiardi.

3. Pursuant to plaintiffs' prior motion to compel, all requests for sanctions were expressly denied, and counsel for all parties were "cautioned that should they bring a discovery motion similar to the ones disposed of here, requiring instruction on each and every propounded discovery item, sanctions may be imposed for failure to meet and confer in good faith to narrow the scope of the disputes in accordance with the federal and local rules." Apr. 23, 2009 Order, Dckt. No. 106, at p. 28. At the lengthy, specific, and didactic hearing on the present matters, counsel for plaintiffs and defendants respectively argued that each had made extraordinary efforts to resolve their differences without recourse to a discovery hearing. Although the weight

of this argument tips in favor of plaintiffs, based on the lack of specificity of defendants' privilege log, the court finds, on balance, that monetary sanctions pursuant to the instant motion are unwarranted. There is no indication that defendants' lack of specificity was willful or that nonprivileged information was improperly withheld but, rather, that counsel for both parties must work harder to elevate their communications above that of their clients.

    4. The parties remain obligated to comply with the notice and briefing requirements of the local rules in order to address any future discovery disputes, including the matters set forth herein.

    IT IS SO ORDERED.

DATED: April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE