DAVID P. MASTAGNI, ESQ. (SBN 057721)
AMANDA S. UHRHAMMER, ESQ. (SBN 199445)
PHILLIP R. A. MASTAGNI, ESQ, (SBN 238254)
JAMES B. CARR, ESQ. (SBN 53274)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811

Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Defendants
Corrections USA, a California
Corporation;  California Correctional
Peace Officers Association, a
California Corporation;
James Baiardi, an individual; and
Donald Joseph Baumann, an individual.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAWE; FLAT IRON MOUNTAIN ASSOCIATION, LLC, formerly known as Flat Iron Mountain Associates, a Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTIONS USA, a California Corporation; CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION, a California Corporation; JAMES BAIARDI, an individual; DONALD JOSEPH BAUMANN, an individual,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS AND RELATED COUNTERCLAIMS. | CASE NO. 07-CV-01790 LKK EFB<br>[Consolidated Master Case Number]<br><br>**JAMES B. CARR DECLARATION IN SUPPORT OF CUSA MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT PRODUCTION REQUESTS AND FOR DOCUMENT PRODUCTION**<br><br>Date:     July 29, 2009<br>Time:     10:00 a.m.<br>Dept.:    Courtroom 25<br>Judge:    Hon. Edmund F. Brennan<br>Trial:    July 27, 2010 |

I, James B. Carr, declare:

1.  I am an attorney admitted to practice in the Eastern District of California, in the United States Ninth Circuit Court of Appeals, and before all Courts in the State of California.

2.    I am an associate attorney with the Law Offices of Mastagni, Holstedt, Amick, Miller, Johnson & Uhrhammer, who are the attorneys of record for Defendants Corrections USA, California Correctional Peace Officers Association, Donald Joseph Baumann and James Baiardi, in this consolidated action. I have personal knowledge of the facts sated herein and could competently testify to them , if called as a witness in this matter.

3.    I am submitting this Declaration in Support of the Corrections USA Motion to Compel Further Responses to Document Productions Requests and for Document Production, currently set for hearing on July 25, 2009, at 10:00 a.m., in Courtroom 25 of this Court.

4.    I have previously served Plaintiff Brian Dawe with Requests for Production of Documents Sets One and Two, on July 28, 2008 and February 25, 2009, respectively. Plaintiff Dawe did provide responses and produced some documents, which were not adequate.

5.    The Parties have engaged in a continuing met and confer regarding supplemental responses to these two sets of discovery requests. This included: (a) the October 21, 2008 session which lasted 3 and ½ hours. I personally attended and participated in said session; (b) entry of a stipulation to extend the Court's Scheduling Order on November 5, 2008; (c) various written emails and letters during February — June 2009; (d) a 1 and ½ hour telephone conference meet and confer on May 5, 2005; (e) exchanges of written letters after the May 5, 2009 conference; and, (f) a further meet and confer telephone meeting on June 10, 2009.

6.    These various meet and confer meetings, conferences and correspondence dealt with the assertion of various privileges by Brian Dawe, his failure to provide any privilege logs , and CUSA's request that he certify and verify further supplemental discovery responses, including a statement that he had made a reasonable and diligent search for additional documents, and that there were no more documents responsive to the CUSA Discovery Requests, Sets 1 and 2.

7.    On May 1, 2009, my office provided Plaintiffs Dawe, Loud and Harkins with written letters detailing the particular requests and/or categories of requests as to each specific document request in Sets One and Two. This had been requested by Attorney Baxter as part of the parties meet and confer duties. True and correct copies of these three letters are marked as

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

James B. Carr Supporting Declaration Re:
CUSA Motion to Compel

-2-

Corrections USA v. Dawe, et al.
Case No. 2:07-cv-01790-LKK-EFB

**Exhibit A** and attached hereto, and they are incorporated by reference into the Joint Discovery Dispute Statement. This meet and confer lead to a conference between the parties on May 5, 2009, which resulted in Plaintiff Brian Dawe providing Supplemental Response to Set One and Two, together with a "quasi-privilege log" on June 5, 2009. A true copy of the Brian Dawe Supplemental Responses and quasi-privilege log is attached hereto and marked as **Exhibit B** and is incorporated by reference into the Joint Discovery Dispute Statement.

8. During the May 5, 2009 meet and confer session, Attorney Baxter orally told me and my co-counsel, Phillip R.A. Mastagni, that his client Brian Dawe did have additional documents in this possession but that Brian Dawe considered them privileged and that he would not produce this documents. This issue has not been addressed or clarified by the June 5, 2009 supplemental production and no privilege log has been provided to CUSA identifying these particular documents.

9. The parties held another meet and confer telephone conference on June 10, 2009, but they were unable to fully resolve their disputes relating to document production and privilege logs. My client has thus been forced to bring this continuing discovery dispute to hearing on July 29, 2009, because (a) there has not been a full production of documents relating to the corporate and/or other legal status and capacity of the American Correction Officer entity; (b) not all relevant documents pertaining to Flat Iron Mountain Associates LLC have been provided; (c) not all relevant documents pertaining to the American Correctional Officer Intelligence Network have been provided; (d) the supplemental responses contained grouped responses, as opposed to individual responses; (e) an improper and inadequate quasi-privilege log(s) was provided by Brian Dawe; (f) the privilege log(s) provided does not specifically identify particular documents; and, (g) there was no statement (verification / certification) made that a reasonable and diligent search had been made to locate additional documents.

10. I previously served Plaintiff and Cross-Defendant Garry Harkins with Requests for the Production of Documents, Sets One — Five and he provided responses, including objections based upon privilege, without providing any privilege logs, and did produce some documents. He has refused to produce his laptop computer for a forensic inspection by CUSA.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

Carr Supporting Declaration Re:
CUSA Motion to Compel   -3-   Corrections USA v. Dawe, et al.
Case No. 2:07-cv-01790-LKK-EFB

11. On May 1, 2009 my office provided detailed and specific information to Attorney Baxter regarding the disputed discovery requests applicable to Gary Harkins. The letter relating to Gary Harkins is included in **Exhibit A** to my Declaration. At a May 5, 2009 telephone meet and confer conference, Gary Harkins agreed to provide a privilege log, supplemental responses and a certificate / verification of his responses; however, he still refused to produce his laptop computer for a forensic inspection.

12. On June 1, 2009, Harkins provided supplemental responses and a verification that he had no additional documents relevant to document requests One — Five. A true and correct copy of the Harkins Supplemental Responses are attached as **Exhibit C** hereto and incorporated herein by reference into the Joint Discovery Dispute Statement. Harkins further stated he would provide a privilege log, which was provided on June 5, 2009. A copy of said Privilege Log is attached hereto, marked as **Exhibit D** to this Declaration and incorporated into the Joint Discovery Dispute Statement.

13  As of June 5, 2009, Mr. Harkins still refused to produce his laptop computer for a forensic inspection. My office has stated to and notified Counsel for Mr. Harkins that CUSA will have its computer experts go to Mr. Harkins' business and/or home address in Oregon and make a copy of the harddrive from his laptop computer. Mr. Harkins has refused to accept this non-intrusive accommodation.

14. The privilege log is inadequate, and it does not assert any privileges relating to the Harkins' laptop computer. The only objections are based upon relevancy.

15. Pursuant to the meet and confer process, Defendant Loud has provided supplemental responses indicating he has no additional documents. A true copy of Loud's Supplemental Responses, Page 1— 5, are attached hereto and marked as **Exhibit E**, and are incorporated herein by reference into the Joint Discovery Dispute Statement.

16. Attached hereto and marked as **Exhibit F**, Pages 1 – 2, is a true and correct copy of the September 8, 2008 letter from Harkins' former counsel, Maureen VanderMay, to my office, which is incorporated herein by reference into the Joint Discovery Statement. This letter admits that the Harkins' laptop computer contains CUSA information.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

Carr Supporting Declaration Re:
CUSA Motion to Compel                -4-

Corrections USA v. Dawe, et al.
Case No. 2:07-cv-01790-LKK-EFB

17. I have attempted further meet and confer with Harkins' current counsel Daniel Baxter; however, on May 13, 2009, Mr. Baxter advised my office in writing that the Harkin's laptop computer would not be produced for inspection and that all meet and confer obligations on CUSA's part had been fulfilled.  At that time, he refused to engage in any further meet and confer relating to the Harkins' laptop computer issues and CUSA has been forced to proceed with its Motion to Compel a forensic inspection of the Harkins laptop computer.  True and correct copies of the email communications of May 13, 2009 are attached and marked as **Exhibit G**, and are incorporated herein by reference into the Joint Discovery Dispute Statement.

18. Attached hereto and marked as **Exhibit H** are true copies of CUSA letters sent to Crowell Ing, LLP, dated September 14 and 21, 2006, regarding the attempted trademarking of the CUSA name, logo and other proprietary information by Gary Harkins for his own account, which is an issue (claim) in this litigation, including information stored on the Harkins' laptop computer relating to this trademarking issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on July 10, 2009 at Sacramento, California.

/s/ James B. Carr
James B. Carr
jcarr@mastagni.com

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

Carr Supporting Declaration Re:
CUSA Motion to Compel                    -5-                    Corrections USA v. Dawe, et al.
                                                                Case No. 2:07-cv-01790-LKK-EFB