1  +

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9
   BRIAN DAWE; FLAT IRON
10 MOUNTAIN ASSOCIATES, LLC,
   formerly known as FLAT
11 IRON MOUNTAIN ASSOCIATES,
   a Partnership,
12
                                 NO. CIV. S-07-1790 LKK/EFB
13          Plaintiffs,

14      v.
                                 O R D E R
15 CORRECTIONS USA, a California
   Corporation; CALIFORNIA
16 CORRECTIONAL PEACE OFFICERS'
   ASSOCIATION, a California
17 Corporation; JAMES BAIARDI,
   an individual; DONALD JOSEPH
18 BAUMANN, an individual,

19          Defendants.
   _____/
20 AND CONSOLIDATED ACTIONS &
   RELATED COUNTERCLAIMS
21 _____/

22      At its root, this case involves a dispute among former

23 directors of two correctional officers' associations. The

24 procedural history of the case is labyrinthine, which the court

25 describes as best it can in part below.  In the instant motion

26 defendants move to strike portions of answers by Gary Harkins,

                                 1

1  Brian Dawe, Richard Loud and Flat Iron Mountain Associates to their

2  cross-complaint and counterclaims. As explained herein, the court

3  denies the motions. Defendants also move for sanctions under Rule

4  11, which the court also denies.

5                          **I. Background**

6      Plaintiff Brian Dawe and his company, plaintiff Flat Iron

7  Mountain Associates, have brought suit against Corrections USA, the

8  California Peace Officers Association, and some of their employees,

9  Board members, and chairman. Plaintiff alleged breach of contract

10 and related claims, defamation, and interference with prospective

11 contractual relations, which the court described in detail in its

12 May 20, 2009 order.

13     That case was consolidated with one filed by Corrections USA,

14 the California Peace Officers Association, and Mike Jimenez, which

15 named Gary Harkins as a defendant, among others. That action arose

16 from the same core controversy as the action brought by Dawe and

17 Flat Iron Mountain Associates.

18     In February 2009, plaintiffs Dawe and Flat Iron Mountain

19 Associates filed a First Amended Complaint. After the court granted

20 in part and denied in part defendants' motion to dismiss this

21 complaint, defendants filed an answer. This answer was seventy-

22 eight pages long and, in addition to admissions, denials, and

23 affirmative  defenses,  contained  several  cross-claims  and

24 counterclaims against Harkins, Loud, Dawe, and Flat Iron Mountain

25 Associates.

26     Harkins  then  filed  an  answer  to  these  cross-claims  and

1   counterclaims. The answer is 129 pages long, of which 111 pages are

2   denominated as an "Answer to 'Introduction' and CUSA's General

3   Allegations of Misconduct." It is this section that the cross-

4   claimants / counterclaimants seek to strike.

5       Dawe, Loud, and Flat Iron Mountain Associates separately filed

6   an answer to the cross-claims and counterclaims. Like Harkins'

7   answer, it begins with an "Answer to 'Introduction' and CUSA's

8   General Allegations of Misconduct." This section is fifty-nine

9   pages long. The cross-claimants / counterclaimants have also moved

10  to strike this.

11  **II. Standard for Motion to Strike Pursuant to Federal Rule of**

12  **Civil Procedure 12(f)**

13      Rule 12(f) authorizes the court to order stricken from any

14  pleading "any redundant, immaterial, impertinent, or scandalous

15  matter." A party may bring on a motion to strike within 20 days

16  after the filing of the pleading under attack. The court, however,

17  may make appropriate orders to strike under the rule at any time

18  on its own initiative. Thus, the court may consider and grant an

19  untimely motion to strike where it seems proper to do so. See 5A

20  Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

21      Motions to strike are generally viewed with disfavor, and will

22  usually be denied unless the allegations in the pleading have no

23  possible relation to the controversy and may cause prejudice to one

24  of the parties. See 5A C. Wright & A. Miller, Federal Practice and

25  Procedure: Civil 2d § 1380; see also Hanna v. Lane, 610 F. Supp.

26  32, 34 (N.D. Ill. 1985). If the court is in doubt as to whether the

3

1 challenged matter may raise an issue of fact or law, the motion to

2 strike should be denied, leaving an assessment of the sufficiency

3 of the allegations for adjudication on the merits. See 5A Wright

4 & Miller, supra, at § 1380.

### III. Analysis

6     The counterclaimants / cross-claimants Corrections USA,

7 California Correctional Peace Officers Association, Baiardi and

8 Bauman ("counterclaimants") move to strike portions of Harkins' and

9 Dawe, Loud, and Flat Iron Mountain's answers on the grounds that

10 they are improper, irrelevant, redundant, immaterial, impertinent

11 or scandalous. The counterclaimants also move for sanctions under

12 Federal Rule of Civil Procedure 11. The court considers each in

13 turn.

14     Under the Federal Rules, an answer to a claim for relief must

15 "state in short and plan terms" the party's defenses to the claim

16 and "admit or deny the allegations asserted against it." Fed. R.

17 Civ. P. 8(b). Under Rule 12(f), the court may strike from an answer

18 "any redundant, immaterial, impertinent, or scandalous matter." The

19 Court of Appeals has explained,

20     "'Immaterial' matter is that which has no essential or
      important relationship to the claim for relief or the
21     defenses being pleaded." 5 Charles A. Wright & Arthur R.
      Miller, Federal Practice and Procedure § 1382, at 706-07
22     (1990). "'Impertinent' matter consists of statements
      that do not pertain, and are not necessary, to the
23     issues in question." Id. at 711. Superfluous historical
      allegations are a proper subject of a motion to strike.

24

25 Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993),

26 rev'd on other grounds, 510 U.S. 517 (1994). Scandalous matter is

1   that which improperly casts an entity, usually a party, in a

2   derogatory light and bears no possible relation to the action or

3   may cause prejudice. <u>Wilkerson v. Bulter</u>, 229 F.R.D. 166, 170 (E.D.

4   Cal. 2005) (O'Niell, J.).

5       Here, counterclaimants move to strike the 111-page response

6   in Harkins' answer to the counterclaimants' general allegations and

7   the similar, fifty-nine page portion of the answer of Dawe, Loud,

8   and Flat Iron Mountain Associates. Review of the answers reveals

9   that although these sections describe the answering parties' theory

10  of the case in unnecessary detail, they are neither redundant,

11  impertinent, immaterial nor scandalous.[1] The gravamen of the

12  dispute between the parties is a disagreement over use of funds and

13  mismanagement of the organizations who are a party to this action.

14  This has been pled to encompass allegation of appropriation of

15  intellectual property, RICO violations, unfair business practices,

16  and breach of fiduciary duty, among others. <u>See</u> Counterclaimants'

17  Cross-Complaint and Counterclaims (Doc. No. 188-89). In opposition

18  to the couterclaimants' motion, the answering parties assert that

19  their underlying theory in defense of the counterclaims and cross-

20  claims is that California Correctional Peace Officers Association

21  misused Corrections USA funds to cover up various improper

22  activities, including bank fraud, theft, sexual misconduct and

23  _____

24      [1] That is not to say that it isn't long, but so is the
    pleading it is responsive to.  No purpose is served by striking any
    of the pleadings, other than increasing the lawyers' and paper
25  companies' income.  The parties are warned, however, that behavior
    such as they have engaged in up to now, made in the course of this
26  proceeding will be met by the court with appropriate response.

1   sexual harassment. <u>See</u> Opp'n to Mot. to Strike at 1.

2       Despite the counterclaimants' characterization otherwise, the

3   sections they seek to strike are not impertinent or immaterial to

4   the suit. These sections set forth, albeit with an exceptionally

5   unnecessary level of detail, the interactions and financial

6   transactions among the parties over the last several years. They

7   also set forth the asserted misconduct that forms the answering

8   parties' theory of the case. They do not, however, stray into

9   detailed depictions of the underlying asserted misconduct. <u>See</u>

10  Order, April 23, 2008 at 10-11 (order by Judge Brennan that the

11  underlying details of asserted sexual harassment "have little or

12  nothing to do with" plaintiffs' claims). Instead, they appear to

13  concern the central dispute between the parties; the court cannot

14  conclude that they have no material relationship to the issues of

15  the suit. <u>See</u> <u>Fantasy, Inc.</u>, 984 F.2d at 1527.

16      Nor is the court persuaded that the cited sections of the

17  answer contain scandalous matter. In their motion, counterclaimants

18  assert that would offend a person's sensibilities and cast them in

19  a derogatory light. Mot. to Strike at 11 (citing <u>Alvarado-Morales</u>

20  <u>v. Digital Equip. Corp.</u>, 843 F.2d 613 (1st Cir. 1988)). The court's

21  review of the sections sought to be stricken does not confirm this

22  characterization. Although they include references to private

23  matters and sexual conduct, they are not stated in detail or

24  otherwise appear to unfairly impinge on the privacy rights of the

25  relevant persons. <u>See</u> Harkins Answer to Counterclaims and Cross-

26  Claims ¶¶ 1.61, 1.110, 1.118, 1.119, 1.120. Instead, these

1  statements are made in the answering parties' larger context of

2  alleging that the defendants' financial misconduct stemmed in part

3  from an intention to cover up sexual misconduct. See, e.g., id. ¶

4  1.123. As such, the court agrees that the allegations are no more

5  scandalous than those that would be asserted in any cause of action

6  relating to sexual harassment.

7       The court is similarly unpersuaded that references to

8  counterclaimants' prior or current counsel are "scandalous" or

9  otherwise merit being stricken. Many of these references identified

10 by counterclaimants are merely mentions of communications with or

11 other actions by counterclaimants' counsel in the extensive

12 narrative of events contained in the answers. See, e.g., Harkins'

13 Answer to Counterclaims and Cross-Claims ¶¶ 1.95, 1.124, 1.212,

14 1.217. Other references relate to the answering parties' asserted

15 explanation for counterclaimants' decision to file a writ of

16 mandamus in state court. Id. at 1.214. Given that that action is

17 relevant to all parties' allegations against one another, see

18 Order, May 20, 2009, the court cannot conclude that the reference,

19 while not necessary, is improper. Moreover, Harkins' depiction of

20 opposing counsel "acting schizophrenically about his and his firm's

21 role with CUSA," is similarly ill-advised, but does not merit

22 striking. See Pigform v. Veneman, 216 F.R.D. 1, 2 (D.D.C. 2003)

23 (defense counsel's accusation in a motion that plaintiff's counsel

24 had engaged in "hate mongering did not exhibit an ideal, or even

25 an appropriate, level of civility," but excising "every harsh

26 statement from the record . . . would be unwise and wasteful. . .

1  .").

2      Finally, the court is not persuaded that Rule 11 sanctions are

3  appropriate here. Counterclaimants have not shown that the answers

4  were presented for an improper purpose or without factual basis.

5  See Fed. R. of Civ. P. 11(b). Morever, counterclaimants have made

6  no showing that the procedural requirements for sanctions have been

7  met, including having given opposing counsel a twenty-one day

8  period to rectify the asserted improprieties prior to filing their

9  motion. See Fed. R. of Civ. P. 11(c)(2).

10                        **IV. Conclusion**

11      For the reasons stated herein, defendants' motions to strike

12  and for sanctions (Doc. Nos. 201 & 202) are DENIED.  But the court

13  again warns all parties and their counsel:  CUT IT OUT.

14      IT IS SO ORDERED.

15      DATED:  August 20, 2009.

16

17

18  _____
    LAWRENCE K. KARLTON

19  SENIOR JUDGE
    UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26

8