1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9  BRIAN DAWE, individually and d/b/a
   FLAT IRON MOUNTAIN ASSOCIATES;
10 FLAT IRON MOUNTAIN ASSOCIATES,
   LLC, formerly known as Flat Iron Mountain
11 Associates, a Partnership,

12        Plaintiffs,            No. CIV S-07-1790 LKK EFB

13     vs.

14 CORRECTIONS USA, a California
   corporation; CALIFORNIA
15 CORRECTIONAL PEACE OFFICERS
   ASSOCIATION, a California corporation;
16 JAMES BAIARDI, an individual;
   DONALD JOSEPH BAUMANN, an
17 individual;

18        Defendants.            ORDER
   _____/
19
   AND CONSOLIDATED ACTIONS AND
20 RELATED CLAIMS.
   _____/
21

22        On October 19, 2009, Brian Dawe, Flat Iron Mountain Associates, LLC, Gary Harkins,

23 and Richard Loud ("Plaintiffs") filed a notice of motion and motion to compel the further

24 deposition of defendant California Correctional Peace Officers Association's president and

25 Corrections USA incorporator Michael Jimenez.  Dckt. No. 232.  Concurrently with the motion

26 to compel, Plaintiffs filed an ex parte application for an order shortening the time for that motion

                                    1

to be heard.  Dckt. No. 233.  Plaintiffs state that they took Jimenez's deposition on October 13, 2009, but need more time to depose him.  *Id.* at 1.  They also state that they sought agreement from defense counsel but had not received a final response as of the time the motion and ex parte application were filed.  *Id.* at 2.  In light of their November 18, 2009 discovery deadline and a court holiday on November 11, 2009, "Plaintiffs request that the Court set their motion for hearing on the earliest available date to the Court, and specify accompanying dates for submission of moving and opposition papers."  *Id.*

On October 20, 2009, defendant Corrections USA ("CUSA") filed a notice of motion and motion to compel further responses to special interrogatories from Dawe and Harkins; for further supplemental production of documents; and for sanctions, attorney's fees, and costs.  Dckt. No. 235.  Concurrently with its motion, CUSA also filed an ex parte application for an order shortening the time for that motion to be heard.  Dckt. No. 234.  CUSA states that, in light of the November 18, 2009 discovery deadline, "there is insufficient time to Notice a Regular Motion to have this matter heard, given the other discovery matters that must be completed before November 18, 2009."  *Id.* at 2.  Therefore, it "requests that the Court shorten time and set these competing Motions to Compel on October 28, 2009, at 10:00 a.m., and/or as soon as the matter can be heard."  *Id.*

Local Rule 6-144(e) provides that "Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action."  Although neither application is supported by the requisite affidavit, in light of the parties' representations and the November 18, 2009 discovery deadline, the applications will nonetheless be granted.

////

////

2

1    Accordingly, IT IS ORDERED that:

2    1.  Plaintiffs' and CUSA's applications for orders shortening time, Dckt. Nos. 233 and

3    234, are granted.

4    2.  Plaintiffs' motion to compel the further deposition of Michael Jimenez, Dckt. No. 232,

5    and CUSA's motion to compel further discovery responses from Dawe and Harkins and for

6    sanctions, Dckt. No. 235, will be heard on October 28, 2009, at 10:00 a.m. in Courtroom No. 25.

7    3.  On or before 12:00 p.m. (noon) on Friday, October 23, 2009, the parties shall file a

8    Joint Statement re Discovery Disagreement ("Joint Statement"), providing, as to each of the

9    motions at issue, (1) the specific disputed discovery category or item; (2) the response; (3) the

10   moving party's position; and (4) the opposition.[1]

11   4.  In addition to filing the Joint Statement electronically in .pdf format, the parties shall

12   also submit the Joint Statement by email in Word or Word Perfect format to

13   efborders@caed.uscourts.gov by October 23, 2009, at 12:00 p.m. (noon).  The email subject line

14   must contain the words "Joint Statement," as well as the case number.

15   SO ORDERED.

16   DATED:  October 20, 2009.

17                                        EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

---

22   [1]  The Joint Statement shall comply with the content requirements of Local Rule 37-251
     set forth therein.  The parties are reminded of the necessity of meeting and conferring in good
23   faith, and attempting to resolve their discovery dispute prior to preparation of their Joint
     Statement.  Failure of any party to do so or to use best efforts to ensure timely filing of the Joint
24   Statement will be cause for sanctions.  *See* Local Rule 37-251(d).

           Privilege objections must comply with Federal Rule of Civil Procedure 26(b)(5).  Except
25   in extraordinary circumstances, the party claiming privilege may not submit a post-hearing
     privilege log.  The failure to properly support a privilege objection with a privilege log may be
26   deemed a waiver of that privilege objection.