IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE, individually and d/b/a
FLAT IRON MOUNTAIN ASSOCIATES;
FLAT IRON MOUNTAIN ASSOCIATES,
LLC, formerly known as Flat Iron Mountain
Associates, a Partnership,

        Plaintiffs,                      CIV-S-07-1790 LKK EFB

    vs.

CORRECTIONS USA, a California
corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS
ASSOCIATION, a California corporation;
JAMES BAIARDI, an individual;
DONALD JOSEPH BAUMANN, an
individual;

        Defendants.                <u>ORDER</u>

_____/

AND CONSOLIDATED ACTIONS AND
RELATED CLAIMS

_____/

      On October 28, 2009, the court heard, on shortened time, defendants Corrections USA

("CUSA"), California Correctional Peace Officers Association ("CCPOA"), James Baiardi, and

Donald Joseph Bauman's motion to compel further responses to special interrogatories from

Brian Dawe and Gary Harkins; for further supplemental production of documents; and for

1   sanctions, attorney's fees, and costs.  Dckt. No. 235.  Attorneys Phillip Mastagni and James Carr

2   appeared on behalf of defendants; attorneys Daniel Baxter and Thomas Redmon appeared on

3   behalf of Dawe and Harkins.

4          Defendants' motion surrounds Dawe and Harkins's responses to defendants' special

5   interrogatories and document requests related to the American Correctional Officer Intelligence

6   Network ("ACOIN") and American Correctional Officer ("ACO"), which is formally named

7   American Correctional Officers Association, Inc. ("ACOAI").[1]  Dckt. No. 238 at 4.  Defendants

8   contend that Dawe and Harkins have not fully responded to their discovery requests regarding

9   those entities.  *Id.*  Defendants attach to their discovery statement a certificate of incorporation of

10  ACOAI showing a date of incorporation of July 24, 2009 and listing Harkins as one of the initial

11  directors, and a copy of materials from an ACO training conference listing Dawe's address at the

12  bottom of the document.  Dckt. 240, Exs. D, E.  Defendants contend that these documents show

13  that "both Dawe and Harkins have knowledge, information and access to documents relating to

14  these entities, and they have not provided full and complete answers to the CUSA Special

15  Interrogatories. . . ."  Dckt. No. 238 at 4.  Defendants further argue that because of Dawe and

16  Harkins's relationships to ACOAI, ACOAI's documents are deemed to be within their

17  possession, custody, and/or control.  *Id.* at 7.

18         However, Dawe and Harkins have each verified, under penalty of perjury, that they have

19  responded truthfully to defendants' special interrogatories and supplied "as much factual

20  information and as many specifications of legal contention as are presently known," and have

21  produced all documents responsive to defendants' document requests that are within their

22  possession, custody, or control.  *See generally* Dckt. No. 240-2; Dckt. No. 239 at 5-6.  In

23

24         [1] Defendants' motion and joint statement do not clearly state the precise special
    interrogatories or document requests they are seeking to compel Dawe and/or Harkins to respond
    to, in violation of Local Rule 37-251 and the court's order dated October 20, 2009, Dckt. No.
25  236, which required the parties to "file a Joint Statement re Discovery Disagreement . . . ,
    providing, as to each of the motions at issue, (1) the specific disputed discovery category or item;
26  (2) the response; (3) the moving party's position; and (4) the opposition."

response to the special interrogatories, Dawe and Harkins state that Dawe "is the independently-contracted executive director of ACO" and that neither he, his wife, nor Flat Iron Mountain Associates "occupies any further relationship with ACO"; and that Harkins "is ACO's recording secretary and a member of ACO's Board of Directors." *See* Dckt. No. 240-2, Special Interrog. Nos. 10, 11.  Both Dawe and Harkins state, however, that they "do not maintain the books and records of ACO, and thus are unable to provide full and complete responses" and that they "have been informed that ACO will turn over all pertinent documents and provide any pertinent information upon receipt of a duly-served subpoena" at the address provided in the special interrogatory responses.  *Id.*, Nos. 1, 12.  Further, at the hearing, attorney Baxter confirmed that neither Dawe nor Harkins has possession, custody, or control of the documents at issue, and do not control the individuals who do have possession, custody, and control of those documents. Accordingly, other than defendants' theory that plaintiffs are being dishonest when making these assertions, defendants have not shown how plaintiffs' responses to their special interrogatories and/or document requests are unsatisfactory or incomplete.

Additionally, even though Mr. Baxter has offered to assist defendants in contacting counsel for ACO to subpoena the documents at issue, Dckt. No. 239 at 4-5, defendants have not explained why they have refused to either accept Mr. Baxter's offer or otherwise attempt to obtain the documents at issue via a third party subpoena.

////

////

////

////

////

////

////

////

1        Therefore, as stated on the record, defendants' motion to compel and request for

2  sanctions, Dckt. No. 235, is denied.[2]

3        SO ORDERED.

4  Dated:  November 2, 2009.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

---

[2]  Additionally, in light of the attorneys' conduct throughout the course of discovery in this action, and in light of Dawe and Harkins's close relationship with ACO, the court finds that an award of sanctions to Dawe and Harkins would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(B) ("If [a motion to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").