+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON
MOUNTAIN ASSOCIATES, LLC,
formerly known as FLAT
IRON MOUNTAIN ASSOCIATES,
a Partnership,

                               NO. CIV. S-07-1790 LKK/EFB

        Plaintiffs,

    v.

                                     O R D E R

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS'
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

        Defendants.
                                /
AND CONSOLIDATED ACTIONS &
RELATED COUNTERCLAIMS
                                /

    On January 8, 2010, defendants filed an ex parte motion both to continue the hearing set for January 25, 2010 on their motion for summary judgment until February 8, 2010 and to shorten the time required by the Local Rules of the Eastern District of California for the length of time for hearing on a motion for contempt of

1

court and to impose evidentiary sanctions, such that the motion may also be heard on February 8, 2010. Defendants seek to file this second motion due to alleged failures of plaintiffs to follow Magistrate Judge Brennan's orders concerning the production of the computer image of a plaintiff's computer and the privilege log.

Defendants, however, make no argument as to why the court should even consider the motion that it intends to file so long after the close of law and motion. As indicated in this court's May 20, 2009 order, Doc. No. 182, "All Law and Motion matters shall be filed so as to be heard no later than January 18, 2010."[1] Even if this court were to accept the presentation of facts in defendants' application as a true reflection of the communications between the parties as to the production of these contested items,[2] defendants have not demonstrated good cause for failing to timely file a motion for contempt of court and for evidentiary sanctions. Specifically, defendants claim that they needed information from the computer imaging and privilege log to move for summary judgment, yet were somehow able to timely file a motion for summary judgment and were unable to timely file a motion concerning production of these items.

For the foregoing reasons, defendants' ex parte application

---

[1] On December 23, 2009, the court granted plaintiffs' ex parte application to continue the hearing on defendants' motion for summary judgment from January 11, 2010 to January 25, 2010, Doc. No. 262.

[2] Plaintiffs have filed an opposition to defendants' ex parte application challenging these very facts, Doc. No. 271.

to continue the hearing on their summary judgment motion and to shorten time for a hearing on a motion for contempt of court and evidentiary sanctions, Doc. No. 264, is DENIED. Defendants, however, are not precluded from raising the arguments in their application at trial as motions in limine. Defendants' motion for summary judgment remains set for hearing on January 25, 2010.

    IT IS SO ORDERED.

    DATED: January 14, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3