+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON
MOUNTAIN ASSOCIATES, LLC,
formerly known as FLAT
IRON MOUNTAIN ASSOCIATES,
a Partnership,

                              NO. CIV. S-07-1790 LKK/EFB

        Plaintiffs,

    v.

                              O R D E R

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS'
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

        Defendants.
_____/
AND CONSOLIDATED ACTIONS &
RELATED COUNTERCLAIMS
_____/

    At the pre-trial conference held on April 19, 2010, counsel for defendant California Correctional Peace Officers Association ("CCPOA") asserted that third party plaintiff Harkins's defamation claim against CCPOA was improper. The court directed CCPOA to file a brief explaining its position on this matter and Harkins to

1

reply.  The court resolves the issue on the papers, and holds that Harkins's defamation claim against CCPOA may proceed.

CCPOA's primary argument is that Harkins failed to provide notice of this claim.  Harkins first asserted a defamation claim against CCPOA in his answer, cross complaint and counterclaims filed on June 29, 2009 (Dkt. No. 197).  CCPOA argues that because CCPOA has not filed claims in this action, Harkins could not bring a counterclaim against it, and that because CCPOA was not a co-party with Harkins, Harkins could not bring a cross complaint against it.  CCPOA argues that Harkins could therefore only assert a claim against CCPOA by filing a motion for joinder under Fed. R. Civ. P. 19 or 20.  CCPOA further reasons that such a claim would require independent service, which was not effectuated here. CCPOA concludes by stating that the failure to provide such service deprived CCPOA of notice of the claim, offending due process and prejudicing CCPOA by preventing CCPOA from conducting discovery related to this claim.

CCPOA's contentions appear frivolous. The record plainly demonstrates that CCPOA had notice of this claim.  CCPOA moved for summary judgment on Harkins's counterclaims and cross-claims.  See Defs.' Mem. Supp. Mot. Summ. J., 1:1-7.  Most tellingly, the memorandum CCPOA and other defendants submitted in support of this motion includes a section titled "Defamation Against CCPOA," the first sentence of which is "CCPOA did not make the alleged defamatory publications against Dawe and Harkins." Id. at 26:7-8. CCPOA's reply memorandum again discussed Harkins's claim for

1  "Defamation by CUSA, CCPOA and Baiardi." Defs.' Reply. Supp. Mot.
2  Summ. J., 11:20-24. More generally, CCPOA has been party to this
3  suit since it was first filed in early 2007. CCPOA and the other
4  defendants have been represented by the same firm throughout this
5  time. CCPOA has, through counsel, received electronic delivery of
6  all filings in this case through the CM/ECF system. Accordingly,
7  there can be no doubt that CCPOA had actual notice of the
8  defamation claim against it at the time the claim was filed.

9     Harkins's posturing of the claim therefore does not give rise
10 to any constitutional infirmity. Because the court rejects CCPOA's
11 assertion that it lacked notice of the claim, the court also
12 rejects the argument that the addition of the claim prejudiced
13 CCPOA. The claim was added in June 2009, four months before the
14 close of discovery. Moreover, the claim was substantially similar
15 to defamation claims previously asserted against other defendants,
16 such that it is not clear that any further discovery was required.

17    As to CCPOA's remaining technical arguments, if the court were
18 to reach their merits, the court would be disinclined to interpret
19 the rules as requiring the degree of technicality CCPOA advocates
20 where, as here, there is no showing of prejudice. CCPOA is
21 reminded that the Federal Rules "should be construed and
22 administered to secure the just, speedy, and inexpensive
23 determination of every action and proceeding." Fed. R. Civ. P. 1.
24 The court does not reach the issue, however, instead finding that
25 these arguments have been waived. The court previously cautioned
26 counsel that "all purely legal issues are to be resolved by timely

3

pretrial motion and a failure to make such a motion will ordinarily be viewed as a waiver at the time of pretrial." Order of December 6, 2007, 4:13-15 (Dkt. No. 60).[1] "Pretrial motion," as used in the scheduling order, refers to motions filed prior to the "law and motion cutoff." Id. at 4:17-18. See also Fed. R. Civ. P. 12(b)(4)-(5) (governing motions to dismiss for "insufficient process" or "insufficient service of process"), 12(h)(1) (waiver of Rule 12(b)(4)-(5) motions).[2]

CCPOA separately argues that this claim is barred by the statute of limitations. Harkins alleges that the defamatory conduct began in August 2006. CCPOA argues that the claim filed in June of 2009 was untimely under California's a one-year statute of limitations for defamation claims, Cal. Code Civ. P. § 340(c). This argument fails, however, because Harkins alleges that this conduct was ongoing. CCPOA may argue that earlier events cannot be used to support this claim, but this evidentiary issue is not presently before the court. The court notes that CCPOA did not address this issue in its motion for summary judgment.

CCPOA has filed a reply brief that further asserts that this claim is barred by litigation and common interest privileges.

---

[1] Although this order was subsequently vacated, it was replaced by a new scheduling order merely providing new dates.

[2] The court recognizes that CCPOA has not answered this Harkins's defamation claim. This fact does not change the above analysis. The court further holds that Harkins has waived the opportunity to seek a default judgment on this claim. The court will soon issue a pretrial order, which will supplant the pleadings.

4

1  Because these arguments were not raised in CCPOA's initial motion
2  their inclusion in the reply was improper.  <u>See, e.g.</u> <u>Cross v.</u>
3  <u>Washington</u>, 911 F.2d 341, 345 (9th Cir. 1990).
4      Accordingly, CCPOA's filing of April 20, 2010, styled as a
5  motion to dismiss, is DENIED.
6      IT IS SO ORDERED.
7      DATED:  April 26, 2010.

```
                        /s/ Lawrence K. Karlton
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT
```

5