DAVID P. MASTAGNI, ESQ. (SBN 057721)
JAMES B. CARR, ESQ. (SBN 053274)
PHILLIP MASTAGNI, ESQ. (SBN 238254)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER & JOHNSEN**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Defendants
Corrections USA, a California Corporation,
California Correctional Peace Officers
Association, a California Corporation,
Donald Joseph Baumann, and
James Baiardi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAWE; FLAT IRON MOUNTAIN ASSOCIATES, LLC, formerly known as Flat Iron Mountain Associates, a Partnership,<br><br>  Plaintiffs,<br><br>v.<br><br>CORRECTIONS USA, a California Corporation; et al.,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-COMPLAINTS | Case No.: 2:07-cv-01790-LKK-EFB<br><br>[Consolidated Master Case]<br><br>**DEFENDANTS' MOTIONS IN LIMINE NO: 8 RE: EXCLUSION OF ALL EVIDENCE RELATING TO THE COHEN, VOLK & DRABKIN EXPERT REPORTS RELATING TO BRIAN DAWE AND GARY HARKINS' ECONOMIC LOSS AND DAMAGES**<br><br>[FRCP 16(c)(2)(C); Local Rule No. 281(b)(5)]<br><br>Date: June 21, 2010<br>Time: 10:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Lawrence K. Karlton<br>Trial: July 27, 2010 |

**TO THE HONORABLE JUDGE LAWRENCE K. KARLTON AND TO ALL PARTIES AND ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on June 21, 2010, at 10:00 a.m., in Courtroom No. 4 of the above-entitled Court, Defendants prior to trial and prior to the selection of a jury, hereby move this

1  Court for an Order In Limine excluding all evidence relating to the Cohen, Volk & Drabkin expert
2  reports relating to Brian Dawe and Gary Harkins' economic loss and damages report.
3      This motion is based upon the grounds that any evidence, testimony or arguments related to
4  the Cohen, Volk & Drabkin expert report relating to Brian Dawe and Gary Harkins' economic loss
5  and damages report does not meet the Federal Rules of Evidence, Rule 702 minimum threshold for
6  admissibility of expert testimony (Cohen, Volk & Drabkin Expert Report, Document 287 Attachment
7  1, pages 11-26). Careful scrutiny of the assumptions upon which the report is based reveals that they
8  are nothing more than rank speculation, unsupported by the relevant facts, which are not even
9  attached to the report. Since the report's testimony is devoid of any evidentiary value, the court
10 should grant Defendants' motion and preclude any such arguments and evidence which may be
11 presented at trial.

## I. INTRODUCTION.

Plaintiffs will attempt to introduce into evidence the expert reports of Cohen, Volk & Drabkin regarding alleged Economic Losses of Brian Dawe and Gary Harkins. Plaintiffs will attempt to introduce this evidence and present it at trial to explain the alleged damages of Plaintiffs for their breach of contract and defamation claims. Plaintiffs will attempt to present evidence of alleged economic losses through their expert reports based upon speculation, unsupported facts, and information that lacks foundation. The motion is based upon grounds that the evidence does not meet the minimum threshold for admissibility under Federal Evidence section 702.

## II. LEGAL ARGUMENT: THIS COURT MAY EXCLUDE EXPERT TESTIMONY AND EVIDENCE UNDER FEDERAL RULE 702.

Every expert opinion must satisfy the Federal Rule of Evidence 702 minimum threshold for admissibility. This provision requires that an expert witness's opinion testimony be based on the witness's personal knowledge or observations, or on an assumption of facts supported by the evidence. Section 702 explicitly states:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3)

the witness has applied the principles and methods reliably to the facts of the case."

In *Daubert v. Merrell Dow Pharmaceuticals*, the U.S. Supreme Court determined that expert testimony, to be admissible, must meet the two-part test of Federal Rule of Evidence of Civil Procedure 702. 509 U.S. 579, 592-593 (1993). The Court held that to fulfill its gatekeeper role, the trial court must be satisfied that expert testimony: (a) must be reliable, based upon on recognized knowledge, and (b) it must be relevant, of assistance to the trier of fact. *Id*.

In *General Electric Co. v. Joiner*, applying *Daubert* and Federal Rule of Evidence 702, the Court had two major holdings: (1) that the "gatekeeper" function allows the court itself to investigate the expert's reasoning process as wells as the expert's general methodology, and (2) that the standard of review for an appellate court of such a trial court's decision is "abuse of discretion." 522 U.S. 136, 141-143 (1997).

Federal Rule of Evidence 702 provides "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The party offering the expert testimony has the burden of establishing that the proffered testimony meets each of the three requirements by a preponderance of the evidence. Defendants bear the burden of showing that his testimony meets both the reliability and fit prongs of *Daubert*. *Sanderson v. International Flavors and Fragrances, Inc.*, 950 F.Supp. 981, 993 (C.D. Cal.1996); See *Lust By and Through Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir.1996).

Rule 702 expressly contemplates the admission of testimony by experts whose knowledge is based on experience, as well as knowledge, skill, training, or education. *Trustees of the Chicago Painters & Decorators Pension, Health & Welfare, and Deferred Savings Plan Trust Funds v. Royal Int'l Drywall & Decorating, Inc.*, 493 F.3d 782, 787 (7th Cir.2007). Of course, expert opinion must have an analytically sound basis so that it is *not speculation in disguise. Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir.2000) (emphasis added).

In the case at hand, the expert "Economic Loss Report" of Brian Dawe and Gary Harkins by Cohen, Volk, & Drabkin does not meet the threshold of *Daubert* and Federal Rule of Evidence 702. The report is based upon nothing more than generalized statements based upon speculation,

unsupported facts, and information that lacks foundation. The report simply lists numbers of past and future lost wages of Brian Dawe and Gary Harkins, with footnotes listed of telephone conversations of Plaintiffs to support the numbers of economic losses. The expert report by Plaintiffs does not seek to explain the calculations or formulas used to come up with the alleged losses. A few brief footnotes on the bottom of an "expert economic report" should not meet the reliability factor of Federal Rule of Evidence 702, *Daubert* and its prodigy of cases.

### III. CONCLUSION.

A critical examination of the assumptions underlying the opinions of the expert reports prepared on behalf of Plaintiffs to offer at trial demonstrates that they are based purely on conjecture and speculation. The Cohen, Volk & Drabkin expert reports have not demonstrated any reasonable basis for their computation for damages of Brian Dawe and Gary Harkins. The expert reports fail to meet the threshold for admissibility under Federal Rule of Evidence 702. Therefore, the Court should exclude any and all evidence, including any mention of evidence, relating to the Cohen, Volk & Drabkin expert reports relating to Brian Dawe and Gary Harkins' economic loss and damages report.

Dated: May 20, 2010

Respectfully Submitted,

**MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN**

By: /s/James B. Carr
JAMES B. CARR
Attorneys for Defendants, Corrections USA, CCPOA, James Baiardi, and Donald Joseph Baumann