+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON
MOUNTAIN ASSOCIATES, LLC,
formerly known as FLAT
IRON MOUNTAIN ASSOCIATES,
a Partnership,

        Plaintiffs,

   v.

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS'
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

        Defendants.
_____/
AND CONSOLIDATED ACTIONS &
RELATED COUNTERCLAIMS
_____/

NO. CIV. S-07-1790 LKK/EFB

O R D E R

Defendants move to further modify the pretrial order to add additional witnesses and exhibits (Dkt. No. 373). The court heard this motion in connection with the hearings on the parties' motions in limine. For the reasons stated at the hearing, the court GRANTS the motion in part, permitting defendants to call Jeffrey Rogers

1

1 at trial.  The motion is otherwise DENIED.

2 　　The court notes, however, that defendants may nonetheless call witnesses designated by plaintiffs regardless of whether defendants designated them themselves.  <u>See</u> Final Pretrial Order, 50. Therefore, defendants' motion is unnecessary as to Shannon Lahey, the 42nd witness named on plaintiffs' witness list.  Furthermore, deposition transcripts need not be designated as exhibits.  Final Pretrial Order at 57:7-11.  Accordingly, defendants may seek to introduce portions of Brian Dawe's deposition notwithstanding the court's denial of this motion.

11 　　No similar circumstance permits defendants to call John Dyer or to introduce exhibit "26P," which defendants describe as detailing "receipts, expenses, and email exchanges between plaintiffs Brian Dawe and Richard Loud."

15 　　Furthermore, because defendants have admitted that the various untimely errata resulted solely from counsel's carelessness, counsel for defendants are collectively SANCTIONED $300.  This sum shall be paid to the Clerk of the Court no later than twenty-one (21) days from the date of this order.  Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

25 　　IT IS SO ORDERED.

26 　　DATED: June 22, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2