+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON
MOUNTAIN ASSOCIATES, LLC,
formerly known as FLAT
IRON MOUNTAIN ASSOCIATES,
a Partnership,

                              NO. CIV. S-07-1790 LKK/EFB

        Plaintiffs,

    v.

                                O R D E R

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS'
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

        Defendants.
_____/
AND CONSOLIDATED ACTIONS &
RELATED COUNTERCLAIMS
_____/

       On July 20, 2010, defendants designated depositions and interrogatories for trial. This designation listed virtually the entire deposition testimony from over fifteen witnesses. This list is twenty-seven pages long, and contains four columns of single spaced citations to deposition testimony. Defendants also

1

designated approximately sixty discovery responses, many of which include responses to hundreds of discovery requests. Additionally, defendants have designated some pages of documents produced in discovery.

On July 21, 2010, plaintiffs' counsel wrote a letter to the court concerning the enormity of defendants' filing. With respect to the deposition testimony, counsel stated that, "If I am to take Defendants' filing literally, it appears that Defendants are intending to present their counterclaims exclusively via depositions and discovery." As to the discovery responses, counsel wrote that, "Defendants' presentation appears to reflect nothing more than a 'kitchen sink' approach that provides me and my clients with no legitimate elucidation as to what interrogatory responses Defendants truly intend to use. Essentially, it is the equivalent of no filing at all." The court agrees with plaintiffs' characterization of defendants' filings.

For the foregoing reasons, the court ORDERS as follows:

(1) Defendants SHALL file amended designations of depositions and interrogatories by 12:00 p.m. on July 23, 2010. These amended designations SHALL be limited to the deposition passages and discovery responses that defendants intend to use in their case-in-chief.

(2) If defendants amended documents are not substantially shortened, the court shall order defendants to explain how each passage of deposition testimony and each discovery response designated by defendants will be

used in defendants' case-in-chief.

(3) The court reserves to the end of the case a determination as to whether the filing constitutes an abuse of the court process.

IT IS SO ORDERED.

DATED: July 21, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3