+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON
MOUNTAIN ASSOCIATES, LLC,
formerly known as FLAT
IRON MOUNTAIN ASSOCIATES,
a Partnership,

        Plaintiffs,

  v.

CORRECTIONS USA, a California
Corporation; CALIFORNIA
CORRECTIONAL PEACE OFFICERS'
ASSOCIATION, a California
Corporation; JAMES BAIARDI,
an individual; DONALD JOSEPH
BAUMANN, an individual,

        Defendants.
_____/
AND CONSOLIDATED ACTIONS &
RELATED COUNTERCLAIMS
_____/

NO. CIV. S-07-1790 LKK/EFB

O R D E R

    On July 22, 2010, defendants wrote a letter to the court seeking an "order directing the parties and their attorneys to refrain from any form of witness intimidation and prohibit the parties from contacting each other with reference to this case." In support of this letter, defendants refer the court to three

1

events.

First, they state that Richard Loud, a third party defendant, sent a text message to witness Lance Corcoran the day after Corcoran met with counsel for defendants for witness preparation. The text message stated, "Heard u r in hospital, get well bro." Somehow, defendants contend that this text message "addressed an event which occurred during Mr. Corcoran's witness preparation." Plaintiffs' counsel has indicated that he and his office were not responsible for the sending of the text message. Nothing in Loud's communication to Corcoran appears improper to the court.

Second, defendants provide evidence of an email sent to Shannon Lahey's employer, which discussed some scandalous allegations that may have arisen in this lawsuit. The email appears to be sent by Ronald Raygun, whose email address is u6times@ireland.com. While the court can understand Lahey's anguish over the email, defendants have presented no evidence or argument that would support a conclusion that plaintiffs somehow caused this letter to be sent and that this letter was sent to intimidate Ms. Lahey. Specifically, all defendants have been able to show is that a Ronald Raygun frequently posts on a blog, Unit6Times.com, concerning this lawsuit. Ronald Raygun appears to be closely following this case and, accordingly, has accessed several public filings and orders. Defendants have not provided evidence that the information in the email was not drawn from public records in this case nor have they demonstrated any link between Ronald Raygun and plaintiffs. Further, it does not appear that the email was sent for

2

the purpose of affecting Lahey's testimony. Moreover, plaintiffs' counsel has indicated that he, his office, and his clients had nothing to do with the sending of this letter. Thereby, this email does not demonstrate evidence of witness intimidation by plaintiffs.

Third, defendants note that Ronald Raygun also posted the letter filed by plaintiffs' counsel on July 21, 2010 in the blog. Defendants contend that this version of the letter was "unendorsed" because "[i]t does not reference the Court's CM/ECF." The court interprets this argument to be that because the letter does not contain the header listing the case number, document number, date of filing, and page number, it was not downloaded from the electronic docket in the case. This argument appears to be without merit because when viewing a document on the Electronic Case Filing system, the viewer has the option to include or not include the header in the filing. Nonetheless, plaintiff has admitted that his clients shared an "unendorsed" version of this letter with someone who ultimately posted it on Unit6Times.com.[1] It appears to the court that the letter that was shared is identical to the letter that was filed, and part of the public record in this case. For this reason, the court sees no impropriety in sharing this email with someone who blogs as Ronald Raygun. Simply, the public record is meant to be public.

For the reasons discussed above, the court does not find it

---

[1] Apparently, there is at least some connection between a plaintiff and "Ronald Raygun."

appropriate to order the parties and their attorneys to refrain from witness intimidation. This is not to say, however, that the parties are anyway permitted to violate the law in the litigation of this case.

Further, the court declines to prohibit the parties in this case from contacting each other about the case. The California Rules of Professional Conduct specifically allow for such communications. See California Rule of Professional Conduct 2-100. This rule prohibits a lawyer from contacting a represented party.[2] However, "Rule 2-100 is not intended to prevent the parties themselves from communicating with respect to the subject matter of the representation, and nothing in the rule prevents a member from advising the client that such communication can be made." Id. Nonetheless, it appears here that the communication at issue is between a party and a non-party. The court sees no reason why such a communication should be prohibited.

Thus, defendants' request, ECF No. 401, is DENIED.

IT IS SO ORDERED.

DATED: July 23, 2010.

*[signature: Lawrence K. Karlton]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Under this rule a party includes, "[a]n officer, director, or managing agent of a corporation or association." Id. As such, it is possible, depending on Corcoran's relationship with CUSA and CCPOA, that plaintiffs' counsel would be prohibited from communicating with him.

4