DAVID P. MASTAGNI, ESQ. (SBN 057721)
JAMES B. CARR, ESQ. (SBN 053274)
PHILLIP MASTAGNI, ESQ. (SBN 238254)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER & JOHNSEN**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

THOMAS J. UMBERG, ESQ. (SBN 94345)
DEAN J. ZIPSER, ESQ. (SBN 94680)
ADINA L. WITZLING, ESQ. (SBN 211719)
**MANATT, PHELPS & PHILLIPS, LLP**
695 Town Center Drive, 14th Floor
Costa Mesa, California 92626-1924
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendants
Corrections USA, a California Corporation,
California Correctional Peace Officers
Association, a California Corporation,
Donald Joseph Baumann, and
James Baiardi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAWE; FLAT IRON MOUNTAIN ASSOCIATES, LLC, formerly known as Flat Iron Mountain Associates, a Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTIONS USA, a California Corporation; et al.,<br><br>Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS AND CROSS-COMPLAINTS<br>_____ | Case No.: 2:07-cv-01790LKK-EFB<br><br>[Consolidated Master Case]<br><br>**RENEWED MOTION IN LIMINE NO. 8 TO EXCLUDE MARK COHEN EXPERT REPORT AND TESTIMONY**<br><br>Date:       September 14, 2010<br>Time:       10:30 a.m.<br>Courtroom: 4<br>Judge:      Hon. Lawrence K. Karlton<br>Trial:       July 27, 2010 |

MOTION IN LIMINE NO. 8 TO EXCLUDE
COHEN EXPERT REPORT AND TESTIMONY

DAWE, et al. v CORRECTIONS USA, et al.
USDC, EDCA Case No.: 2:07-cv-01790

-1-

1  **TO THE COURT AND ALL PARTIES AND ATTORNEYS OF RECORD:**

2   Defendants Corrections USA, California Correctional Peace Officers Association, James
3  Baiardi and Donald Joseph Baumann (hereafter "Defendants") respectfully move this Court for an
4  Order excluding the report and testimony of Expert Mark Cohen.

6  **I.   INTRODUCTION**

7   Defendants object to the introduction of the opinions of Mark Cohen with regard to both
8  Plaintiff Dawe and Plaintiff Harkins. The bases for the objections are *Daubert v. Merrell Dow*
9  *Pharmaceuticals,* 509 U.S. 579 [113 S.Ct. 2786]; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141
10 (1999); FRE104, FRE 402, FRE 403, FRE 703, FRCP 16(d), and FRCP 26(a)(2)(A) and (B)(ii) and
11 (iii). The Ruling on Motion in Limine No. 8 was deferred to trial by the Court.

13 **II.   LEGAL ARGUMENT**

14  The opinions set forth as to Plaintiff Dawe are based substantially upon documents not
15 produced in discovery and not placed on Plaintiffs' Exhibit List. They are in violation of the Final
16 Pretrial Order and Discovery Rules 16 and 26 (See **Exhibit 1**, highlighted portions of Cohen
17 Opinion). **[Trial Exh. 1045-1/1045-2]** [**Exhibit No. 1**]

18  In particular, Plaintiff Dawe did not produce any financial information for Brian Dawe,
19 Marilyn Dawe or FIMA after the year 2007. Defendants specifically requested these documents. They
20 include:

21  A.   Defendants' Request for Production of Documents Set One, Requests Nos. 37 – 41,
22 served on June 28, 2008, which demanded that Plaintiffs produce all documents, tax information, IRS
23 documents and finances relating to Brian Dawe, Marilyn Dawe and FIMA LLC. These requests were
24 made continuing (Page Two/Set I). **[Trial Exh. 26E-0001]**

25  B.   Defendants' Request for Production of Documents, Set Two, Requests Nos. 143 and
26 147, served on January 23, 2009, which demanded that Plaintiffs produce all documents showing
27 pecuniary harm and economic injuries to Brian Dawe. These requests were also made continuing.
28 (Page Two/Set Two). [**Trial Exh. 26E-0052**]

C. Defendants' Request for Production of Documents, Set Three, Requests No. 163 and 174, which demanded that Plaintiffs produce all documents supporting Dawe's Supplemental Disclosure No. 3(a) of wage lost of $2.9 million and all documents showing economic damages suffered by Brian Dawe from June 1, 2006 to the present. **[Trial Exh. 26E-0085]** These requests were also made continuing. (Page Two/Set Three). **[Trial Exh. 26E-0002]**

Plaintiff Brian Dawe responded to these various discovery requests by stating that he had no responsive documents, all documents had been produced, and/or he would produce all documents. [**Trial Exh 26E-0001/0098**] He did not do so. He further submitted an election to refer to documents in response to Special Interrogatories. **[Trial Exh. 22X]** He still did not identify the documents he now wants to have Expert Mark Cohen use in his expert testimony.

A motion to compel was filed and heard on July 29, 2009. Magistrate Judge Brennan on October 1, 2009, ordered supplemental production, certification and verification that all documents had been produced by Plaintiff. [Ct Doc. No. 228, Page 6] The Plaintiff submitted Supplemental Responses with a verification that all documents had been produced. **[Trial Exh. 26N-0001/0006]** They were not, as Plaintiff Dawe never produced the documents he now wants Expert Mark Cohen to use in his Expert Testimony. **[Trial Exh. 26N-0007/0091]**

The documents continuously requested in discovery that were not produced or made part of Plaintiffs' exhibits are monthly income and expense reports from 11/1/2008 through 10/27/2009, Federal Partnership Tax Returns 1065 for FIMA LLC for TY 2008 (8/19/2009), Federal Individual Tax Return 1040 TY 2008 (9/08/2009) and account statements for bank accounts (income/expenses) 11/1/2006 to 8/31/2010. Plaintiffs, for the first time, served these documents on August 9, 2010. (See attached emails wherein Defendants do not waive objections). (See FRCP 26 and FRCP 16, *et seq.*) (TT Vol 4, pages 755-756) (See **Exhibit 2**, 8/9/2010 letter of Defendants and email response of Plaintiffs). **[Exhibit 2]**

The opinions set forth as to Plaintiffs Dawe and Harkins fail the reliability and fitness tests of both *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, [113 S.Ct. 2786], and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) sets forth three restrictions on the admission of expert testimony, qualifications, reliability and

fit. FRE 702 requires that expert opinions be based upon facts and data, reliable method and that the methods be applied to the facts in the case. The element of "fit," as set forth in *Kumho Tire Co. v. Carmichael*, *supra*, is defined in *Daubert, supra*. "Fit" means that the opinion must be tied to the facts in the case. *Daubert,* at page 591, citing Rule 702. Here they do not.

As to both Plaintiffs, there is no scientific or expert opinion necessary to do the math calculations set forth in Expert Cohen's opinions. There is no evidence or testimony of Plaintiffs Dawe and Harkins as to any probable continued employment relationship or probable continued contract rights lost as a result of Defendants' conduct. To allow this expert testimony will be prejudicial to Defendants, not assist the trier of fact in resolving the issues before it, and will create unnecessary confusion under FRE 403.

Further, the testimony is barred by FRE 702 in that the testimony is not based upon sufficient facts or data relevant to the case, is not the product of reliable principles and methods, and Expert Cohen has not applied any principles and methods reliably to the facts of the case. For instance, the escalations in Plaintiffs' unsupported income are not supported by any evidence in the case, i.e., the continued income of Plaintiff Dawe (beyond the one-year termination clause, $111,000) and continued income of Plaintiff Harkins up to $5,500 per month until the age of 70.

To allow Expert Cohen to testify in this matter will not assist the trier of fact in understanding or determining any issue in this case as required by FRE 702 and *Daubert, supra*. In fact, allowing his testimony will create confusion, mislead the jury, delay the case and waste the time of the Court and jury. Any probative value in doing a math calculation (which the jury can do) is outweighed by the prejudicial effect of allowing opinion testimony contradicted by the evidence in the case, based upon inadmissible hearsay, and lacking in scientific method. Further, to allow his testimony will render the Final Pretrial Order and discovery limitations set forth in FRCP 16 and 26, respectively, a nullity.

### III.    CONCLUSION

Based upon the foregoing reasons, the report and testimony of Expert Mark Cohen should be excluded for all purposes under FRE 403, FRE 702, FRE 104(a) and (b). Alternatively, Defendants request a voir dire examination of Expert Cohen if the Court requires further examination

MOTION IN LIMINE NO. 8 TO EXCLUDE COHEN EXPERT REPORT AND TESTIMONY

-4-

DAWE, et al. v CORRECTIONS USA, et al.
USDC, EDCA Case No.: 2:07-cv-01790

before ruling.

Dated: September 12, 2010

Respectfully submitted,

**MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN**

By: _____/s/   David P. Mastagni_____

DAVID P. MASTAGNI
Attorneys for Defendants, Corrections USA, CCPOA, James Baiardi, and Donald Joseph Baumann

MOTION IN LIMINE NO. 8 TO EXCLUDE
COHEN EXPERT REPORT AND TESTIMONY

-5-

DAWE, et al. v CORRECTIONS USA, et al.
USDC, EDCA Case No.: 2:07-cv-01790

EXHIBIT 1

Case 2:07-cv-01790-LKK-EFB   Document 448   Filed 09/13/10   Page 7 of 14
Case 2:07-cv-01790-LKK-EFB   Document 349   Filed 06/12/2010   Page 33 of 56
EX 1045-1

COHEN VOLK & DRABKIN
CONSULTING ECONOMISTS

3650 MT. DIABLO BLVD. SUITE 104
LAFAYETTE CA 94549
T 925.299.1200
F 925.299.1490

October 30, 2009

Mr. Daniel L. Baxter
Wilke, Fleury, Hoffelt
400 Capital Mall, Suite 2200
Sacramento, CA 95814

Re: Brian Dawe v. Corrections USA

Dear Mr. Baxter:

As Chief Economist for Cohen Volk & Drabkin, I have been retained to evaluate the economic losses to Brian Dawe and Flat Iron Mountain Associates resulting from an alleged breach of contract and defamation by Corrections USA. To assist me in completing the assignment, your office provided the following documents:

1. Verified First Amended Complaint, dated 1/30/2009.
2. U.S. Individual Income Tax Returns for Brian and Marilyn Dawe for 2003 through 2008.
3. U.S. Return of Partnership Income for Flat Iron Mountain Associates for 2003 through 2008.
4. Selected sections of the Deposition Testimony of Brian Dawe, Volume 1, dated 8/13/2008.
5. Agreement dated 7/1/1998 between Corrections USA and Brian Dawe.
6. Amendment to the contractual agreement between Corrections USA and Brian Dawe, dated 3/1/2000.
7. Agreement dated 6/29/2003 between Corrections USA and Brian Dawe.
8. Contract signed 6/16/2006 between Corrections USA and Flat Iron Mountain Associates.
9. 1/1/2009 through 8/31/2009 monthly income and expense document.

In forming my opinions, I have also relied upon information gained from Mr. Dawe via telephone conversations.

Based upon these materials and information, I have prepared two analyses of economic loss to Brian Dawe and Flat Iron Mountain Associates. One analysis takes a neutral approach to mitigation of future losses, while the other takes an optimistic approach to mitigation of future losses. Both analyses are attached.

Mr. Daniel L. Baxter
Page 2
10/30/2009

In both analyses, I assume that but-for the actions of Corrections USA, Brian Dawe and Flat Iron Mountain Associates could have expected to earn revenues based on the contract signed 6/16/2006 between Corrections USA and Brian Dawe, Flat Iron Mountain Associates. Expenses are based on actual 2005 expenses. Past losses are based on the difference between these but-for earnings, and the actual earnings of Brian Dawe and Flat Iron Mountain Associates. Pre-judgment simple interest at 7% per year has been calculated as well. Future losses are based on the difference between the earnings Brian Dawe and Flat Iron Mountain Associates could have expected to earn absent the alleged breach of contract and defamation, and actual expected earnings as forecast under alternatives (1) neutral, and (2) optimistic.

For the neutral alternative, I have assumed Brian Dawe and Flat Iron Mountain Associates will have zero earnings beginning in 2010. Actual earnings for Brian Dawe and Flat Iron Mountain Associates have been negative since the alleged breach of contract and defamation by Corrections USA. Losses are calculated on a year-by-year basis until the end of Mr. Dawe's expected worklife.

For the optimistic alternative, I have assumed that the earnings of Brian Dawe and Flat Iron Mountain Associates will increase each year such that by the beginning of 2014, earnings will have reached the level expected under the June 2006 contract with Corrections USA. Losses thus end effective 1/1/2014.

Please note that the attached reports and comments are preliminary. As additional information becomes available, I may augment or change my opinions. Along with the attached reports, please find my CV, rate sheet, and a list of testimonies in the past four years.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Mark Cohen
Chief Economist

Enclosures

EXHIBIT 2

# MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN
*A PROFESSIONAL CORPORATION*



DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
CRAIG E. JOHNSEN
CHRISTOPHER W. MILLER
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
JONATHAN W.A. LIFF
RICHARD J. ROMANSKI
JOHN P. TRIBUIANO III
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
JAMES B. CARR
WILL P. CREGER
WILLIAM M. BRIGGS
ANTHONY P. DONOGHUE
SEAN D. CURRIN

SACRAMENTO OFFICE
1912 I STREET
SACRAMENTO, CA
95811 - 3151
(916) 446-4692
FAX (916) 447-4614

SAN FRANCISCO OFFICE
ALAN C. DAVIS
DUANE W. RENO
22 BATTERY ST., STE 1000
SAN FRANCISCO, CA 94111
(415) 274-8700

SAN FRANCISCO: 415-274-8700
CHICO: 530-895-3836
STOCKTON: 209-948-6156
SAN JOSE: 408-292-4802
FRESNO: 559-486-5580

FED. ID# 94-2678460

www.mastagni.com

SEAN D. HOWELL
ISAAC S. STEVENS
DANIEL T. MCNAMARA
KRISTINA T. JANSEN
PAUL T. DOLBERG
ANTHONY S. FRANCESCHI
KEVIN J. RODRIGUEZ
IAN M. ROCHE
JEFFREY R.A. EDWARDS
KEVIN C. CHAU
ALBERTO O. TORRICO
NATALIE A. POWERS
GABRIEL R. ULLRICH
JESSICA F. YOUNG
DANIEL L. OSIER
MARK A. JOHNSON
JUSTIN K. MIYAI
DIANNE SCHAUMBURG
SUMAIRA H. ARASTU

August 9, 2010

*U.S. Mail and E-Mail*

Daniel L. Baxter, Esq.
WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP
400 Capitol Mall, Floor 22
Sacramento, CA 95814
Dbaxter@wilkefleury.com

Re: Brian Dawe, et al. v. Corrections USA, etc. et al., and Related Cross-Actions - United States District Court, Eastern District, Case No.: 2:07-cv-01790

Dear Dan,

Thank you for following up. As you know my question was whether or not this information had been produced in discovery or designated as an exhibit. My search of the discovery, exhibit list and pre-trial order all indicate that this information was not produced or designated and is not admissible. Uniformally, in the continuing discovery request responses, you indicated that all financial information had been previously produced, it was through 2007.

As you have known from both Phillip, myself and Motion in Limine No. 8, we are objecting to Mr. Cohen's report and testimony. These same objections were made in Motion # 8 and you did not respond to the failure to produce documents or designate exhibits in your response.

Federal Rules of Civil Procedure § 26, Federal Rules of Evidence § 104a, and Federal Rules of Evidence § 702 bar the presentation of Mr. Cohen's testimony.

Additionally, these newly produced discovery items do not meet the late admission of exhibits criteria set forth in the final pre-trial order. The information was long in your client's possession, available, not produced, and not made exhibits.

Daniel L. Baxter, Esq.
August 9, 2010
Page 2

---

We are in the middle of trial and this case has been fully worked up without this evidence. This effort to introduce this evidence is prejudicial.

Lastly, both Mr. Dawe and Mr. Harkins have testified on the issues of their damages. Nowhere in there testimony is there any support for the mathematical calculations performed by your expert, or his opinions. Any statements made to Mr. Cohen are self serving inadmissable hearsay.

Thank you for getting back to me.

In closing, I must correct your email. My request was that you direct me to where these documents were produced in discovery, or made exhibits. At no time did I waive any objections to Mr. Cohen's report and/ or testimony or agree to late exhibits/discovery production as your email infers.

The ruling on Motion in Limine # 8 was deferred. Please confirm your withdrawal of Mr. Cohen and these exhibits from presentation at trial.

Very Truly Yours,

**MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN, APC**

DAVID P. MASTAGNI

DPM/kjc

## David P. Mastagni

**From:** Daniel L. Baxter [DBaxter@wilkefleury.com]
**Sent:** Monday, August 09, 2010 2:36 PM
**To:** David P. Mastagni
**Subject:** RE: Dawe v. CUSA, Correspondence from David P. Mastagni

David,

I will do as you ask, but frankly at this point it is not high on my priority list. I have this week's witnesses for which to prepare, and it is now clear that Mr. Cohen will not be testifying until the week of September 30. I will take a look at your motion this weekend or next week; however, if memory serves, that motion evidences a fundamental lack of understanding regarding the rules governing expert testimony. Unfortunately, I reach the same conclusion regarding your letter of this afternoon.

Dan Baxter
Direct Telephone: 916.329.1756



## Wilke Fleury

Wilke, Fleury, Hoffelt, Gould & Birney, LLP
400 Capitol Mall, Twenty-Second Floor | Sacramento, California 95814
Telephone: 916.441.2430 | Facsimile: 916.442.6664
www.wilkefleury.com

CONFIDENTIALITY NOTICE: E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient.

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding the message to postmaster@wilkefleury.com or by telephone at (916) 441-2430 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** David P. Mastagni [mailto:dmastagni@mastagni.com]
**Sent:** Monday, August 09, 2010 2:22 PM
**To:** Daniel L. Baxter
**Subject:** RE: Dawe v. CUSA, Correspondence from David P. Mastagni

Please read the deferred mil, and if the documents were produced and listed as an exhibit please direct me to the numbered production and exhibits.

Thank you.

MASTAGNI, HOLSTEDT, AMICK,
MILLER & JOHNSEN
1912 I STREET
SACRAMENTO, CA 95811
(916) 446-4692

_X_ IF THIS BLANK IS MARKED WITH AN "X" THE FOLLOWING NOTICE APPLIES:
THIS COMMUNICATION, INCLUDING ANY ATTACHMENTS, IS CONFIDENTIAL AND IS PROTECTED BY PRIVILEGE.

1

IF YOU ARE NOT THE INTENDED RECIPIENT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL, AND PERMANENTLY DELETE ALL COPIES, ELECTRONIC OR OTHER, THAT YOU MAY HAVE. THE FOREGOING APPLIES EVEN IF THIS NOTICE IS EMBEDDED IN A MESSAGE THAT IS FORWARDED OR ATTACHED.

_X_ IF THIS BLANK IS MARKED WITH AN "X" THE FOLLOWING NOTICE APPLIES:
* DO NOT FORWARD THIS EMAIL OR ITS ATTACHMENTS *

**From:** Daniel L. Baxter [mailto:DBaxter@wilkefleury.com]
**Sent:** Monday, August 09, 2010 2:17 PM
**To:** Kelsey J. Christensen
**Cc:** David P. Mastagni
**Subject:** RE: Dawe v. CUSA, Correspondence from David P. Mastagni

David,

Your letter is confusing. As best I can tell, you are asking me to agree to a wholesale withdrawal of Mr. Cohen's testimony based on a purported failure to produce some of the documents on which his opinions are based.

If that is in fact your request, it is denied. If you believe a motion to exclude (or a renewal of your existing motion) is well taken, there is nothing I can do to prevent such a filing.


Dan Baxter
Direct Telephone: 916.329.1756



Wilke Fleury

Wilke, Fleury, Hoffelt, Gould & Birney, LLP
400 Capitol Mall, Twenty-Second Floor | Sacramento, California 95814
Telephone: 916.441.2430 | Facsimile: 916.442.6664
www.wilkefleury.com


CONFIDENTIALITY NOTICE: E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient.

This e-mail transmission and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding the message to postmaster@wilkefleury.com or by telephone at (916) 441-2430 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.


**From:** Kelsey J. Christensen [mailto:kelsey@mastagni.com]
**Sent:** Monday, August 09, 2010 1:58 PM
**To:** Daniel L. Baxter
**Subject:** Dawe v. CUSA, Correspondence from David P. Mastagni

Please find attached correspondence from Mr. Mastagni. Please call if you are unable to open the attachment.

Thank You,
Kelsey Christensen - 916-491-4232
Assistant to David P. Mastagni, Esq.

2

**MASTAGNI, HOLSTEDT, AMICK,
MILLER & JOHNSEN**
1912 I STREET
SACRAMENTO, CA 95811
(916) 446-4692

_X_ IF THIS BLANK IS MARKED WITH AN "X" THE FOLLOWING NOTICE APPLIES:
THIS COMMUNICATION, INCLUDING ANY ATTACHMENTS, IS CONFIDENTIAL AND IS PROTECTED BY PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL, AND PERMANENTLY DELETE ALL COPIES, ELECTRONIC OR OTHER, THAT YOU MAY HAVE. THE FOREGOING APPLIES EVEN IF THIS NOTICE IS EMBEDDED IN A MESSAGE THAT IS FORWARDED OR ATTACHED.

_X_ IF THIS BLANK IS MARKED WITH AN "X" THE FOLLOWING NOTICE APPLIES:
* DO NOT FORWARD THIS EMAIL OR ITS ATTACHMENTS *