UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN DAWE; FLAT IRON MOUNTAIN ASSOCIATES, LLC, formerly known as FLAT IRON MOUNTAIN ASSOCIATES, a Partnership,

        Plaintiffs,

   v.

CORRECTIONS USA, a California Corporation; CALIFORNIA CORRECTIONAL PEACE OFFICERS' ASSOCIATION, a California Corporation; JAMES BAIARDI, an individual; DONALD JOSEPH BAUMANN, an individual,

        Defendants.
_____/
AND CONSOLIDATED ACTIONS & RELATED COUNTERCLAIMS
_____/

NO. CIV. S-07-1790 LKK/EFB

O R D E R

Defendants Corrections USA, CCPOA, Biardi, and Baumann move to allow posting of alternative security for a $4.9 million judgment awarded to plaintiffs. Defendants seek to submit as security four pieces of real property with an aggregate value as determined by their appraiser of $6,202,500. For the reasons stated

1

herein, defendants' motion is granted in part, but subject to further conditions.

## I. Background

On April 25, 2011, this court entered an order modifying a jury verdict for plaintiffs, ECF No. 574. Pursuant to that order, the total amended judgment in this matter is $4,959,815. Of this amount, $4,574,815 is against CCPOA, $328,001 is against CUSA, $25,001 is against Baumann, and $32,001 is against Bairdi. Although this judgment is apportioned among the defendants, CCPOA seeks to post security for the entirety of the judgment. Def.s' Mot. 2, ECF No. 603. On May 18, 2011, defendants filed a notice of appeal. ECF No. 579.

Pursuant to stipulations approved by this court, execution of judgment is currently stayed.

## II. Standard

Fed. R. Civ. P. 65(d) permits an appellant to obtain a stay of enforcement of judgment by posting a superseas bond. Local Rule 151(d) states "when required, a supersedeas bond shall be 125 percent of the amount of the judgment unless the Court orders otherwise." District courts have inherent discretionary authority in setting supersedeas bonds. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 (9th Cir. 1987). The purpose of the bond is to protect the appellees from the risk of a later uncollected judgment, and to compensate appellees for any loss resulting from the stay of execution. Id.; See also United States v. Uptergrove, 2008 U.S. Dist. LEXIS 101944 (E.D. Cal.

2008).

### III. Analysis

Although Fed. R. Civ. P. 62 provides for the posting of a supersedeas bond, district courts have discretion to "allow other forms of judgment guarantee." International Telemeter, Corp. v. Hamlin International Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). The burden is on the moving party to objectively demonstrate reasons for a departure from Rule 65(d)'s supersedeas bond requirement, Bemo USA Corp. v. Jake's Crane, Rigging & Transp. Int'l Inc., 2010 U.S. Dist. LEXIS 122688 (D. Nev. 2010), and a departure should only be granted if the superseades bond requirement "would irreparably harm the judgment debtor and, at the same time, such a stay [without bond] would not unduly endanger the judgment creditor's interest in ultimate recovery," Cayuga Indian Nation of N.Y. v. Pataki, 188 F. Supp. 2d 223, 254 (N.D. N.Y. 2002). See also Bolt v. Merrimack Pharms. Inc., 2005 U.S. Dist. LEXIS 46591 (E.D. Cal. 2005) ("the burden is on the appellant to demonstrate the reasons for departing from the usual requirement of a full security supersedeas bond." (Internal citations omitted.)

Plaintiffs assert that "the Eastern District appears to recognize only two instances where the exercise of [the court's authority to waive bond is warranted." Pls.' Opp'n. 6. Those two instances, according to plaintiffs, are (1) where the defendant's ability to pay is so plain that the cost of the bond would be a waste of money, and (2) where the requirement is

3

impracticable because it would force appellant into bankruptcy or paralyze the business. Pls.' Opp'n (quoting <u>Bolt v. Merrimack Pharms. Inc</u>., 2005 U.S. Dist. LEXIS 46591 (E.D. Cal. 2005). Although those are certainly instances in which a court is likely to waive the bond requirement, Local Rule 151(d) grants the court wide equitable discretion to depart from the normal bond requirement. In fact, in <u>Bolt</u>, Judge Shubb indicated that he would allow a form of surety other than a bond in the full amount of the judgment, even though the defendants did not meet the criteria set forth above. <u>Id.</u> at *12 ("Defendant is thus not entitled to a stay without posting supersedeas bond. In the event that defendant does follow through with its pledge to file such a bond to stay execution of judgment, the bond must be in the full amount of the judgment, as described below, *unless defendant proposes some other form of surety acceptable to the court*."(emphasis added)).

**A. Whether requiring a superseades bond would cause  irreparable harm or undue burden on defendants**

In this case, defendants claim that posting a superseades bond would not only impose an undue burden on CCPOA, but also that it is "essentially impossible" for CCPOA to do. To support this assertion, defendants submit the declaration of CCPOA's chief operations officer and general counsel David Sanders. Mr. Sanders' reply declaration names five surety companies from whom he attempted to get a bond. All of them required liquid collateral of 100% of the amount of the bond, which CCPOA does

4

not have. Sanders Reply Decl., ECF No. 608-1.

Although defendants have not stated the amount of bond that they could obtain, given CCPOA's current liquid assets, defendants stated in their papers and at hearing that CCPOA is currently setting money aside, which they plan to use to pay the judgment if their appeal is ultimately unsuccessful. Defendants stated at the hearing that there is $500,000 currently set aside, and that CCPOA intends to add $500,000 per quarter to this account.

The court finds that defendants have demonstrated that requiring a superseadas bond in the amount of 125% of the judgment would impose an undue hardship on defendants because that requirement would deprive defendants of the ability to appeal their case.

**B. Whether waiver of the bond requirement would unduly endanger plaintiff's interest in ultimate recovery**

If departure from the usual bond requirement is warranted because of undue hardship to plaintiffs, any alternative security should "furnish equal protection to the judgment creditor." Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. La. 1979).

Plaintiff argues that the four properties offered by defendant do not furnish protection equal to that of a bond, since the value of the properties is tied to a "volatile" real estate market. In the case of the most valuable property, which functions as CCPOA's headquarters, plaintiffs argue that, if it

5

became necessary to execute on the security, plaintiffs would only be able to extract value from the building by renting it to defendants, especially in light of the monument to California Peace Officers affixed to the property. Pls.' Opp'n 8. Plaintiffs' argument, in essence, is "if the property is not good enough security for the bonding companies, why is it good enough for us?"

The court concludes that the real property offered by defendants, without more, do not provide adequate security to plaintiffs. In order to provide adequate security to plaintiffs, the court will require defendants to augment the property with cash deposits.

### IV. Conclusion

For the forgoing reasons, the court ORDERS as follows:

[1] Defendant's motion to post alternative security, ECF No. 603, is GRANTED with conditions.

[2] In addition to the four recorded deeds of trust already submitted to the Clerk of court, defendants SHALL deposit security in the amount of $500,000 within fourteen (14) days of the issuance of this order, pursuant to the procedures set forth in Local Rule 151.

[3] Defendants SHALL make quarterly deposits in the amount of $500,000 as security with the Clerk, until the amount of cash deposited reaches 125% of the total judgment.

6

1        [4] Once the amount of cash deposited with the Clerk
2            is equal to 125% of the total judgment, defendants may
3            request for the deeds of trust for the four pieces of
4            real property to be returned to CCPOA.
5        [5] The stay of execution is continued until further
6            of this court.
7    IT IS SO ORDERED.
8    DATED:  August 31, 2011.

                          _____
                          LAWRENCE K. KARLTON
                          SENIOR JUDGE
                          UNITED STATES DISTRICT COURT